930 F.2d 139
 32 Fed. R. Evid. Serv. 839
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE PARCEL OF PROPERTY LOCATED AT 31-33 YORK STREET,
HARTFORD, CONNECTICUT, With all Appurtenances and
Improvements Thereon, Defendant,
Louise Maragh, a/k/a Louise Mullings, George Langevin, Emma
Langevin, Liberty Mutual Insurance Company, Claimants,
Louise Maragh, a/k/a Louise Mullings, Claimant-Appellant.
 No. 1218, Docket 90-6324.
 United States Court of Appeals, Second Circuit.
 Argued April 2, 1991.
Decided April 3, 1991.
 
 Richard R. Brown, Hartford, Conn. (Christopher J. McCarthy, Brown, Paindiris & Zarella, Hartford, Conn., of counsel), for claimant-appellant.
 Carl J. Schuman, Asst. U.S. Atty., Hartford, Conn. (Richard N. Palmer, U.S. Atty., D. Conn., Leslie C. Ohta, Asst. U.S. Atty., and David X. Sullivan, Sp. Asst. U.S. Atty., Hartford, Conn., of counsel), for plaintiff-appellee.
 Before LUMBARD, WINTER and WALKER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Louise Maragh appeals from a jury verdict against certain of her real property in a civil forfeiture action pursuant to 21 U.S.C. Sec. 881(a)(7) (1988). She argues that the district court improperly admitted records of criminal charges brought against her sons that had been erased under state law and improperly excluded expert testimony as to her state of mind.
 
 
 2
 Appellant owned a three-family apartment house at 31-33 York Street in Hartford, Connecticut, that was the location of frequent drug sales between 1984 and 1989. Appellant resided a short distance from 31-33 York Street, where her four sons lived, and visited there often. Collectively the sons were arrested approximately ten times for drug offenses at the premises in question and were arrested many more times for drug and other offenses elsewhere. Although these arrests resulted in three convictions, many of the criminal charges brought against appellant's sons were dismissed or nolled and were subject to erasure pursuant to Connecticut General Statutes Sec. 54-142a.[1]
 
 
 3
 On February 14, 1989, the government filed a complaint under 21 U.S.C. Sec. 881(a)(7)[2] alleging that 31-33 York Street had been used to facilitate the distribution of controlled substances. Appellant, as claimant, filed an answer asserting the "innocent owner" defense. At trial, the government introduced evidence derived from state records of her sons' drug arrests for drug offenses, including those subject to erasure. The jury found for the government, and the district court issued a decree of forfeiture.
 
 
 4
 Appellant argues first that the district court improperly admitted evidence derived from the erased arrest records because the records were protected from disclosure by Conn.Gen.Stat. Sec. 54-142a.[3] We hold, however, that the statute does not bar the admission of such records as evidence in a federal forfeiture proceeding.
 
 
 5
 Under Connecticut law "erasure" does not mean physical destruction of records but rather non-disclosure of them when mandated by statute. See Doe v. Manson, 183 Conn. 183, 438 A.2d 859, 861 (1981). Evidence of appellant's sons' arrests on drug charges is certainly relevant to whether appellant knew that narcotics activity was taking place at 31-33 York Street or was an innocent owner. An assertion of privilege may preclude the admission of relevant evidence but only to the extent the privilege is recognized "by the principles of the common law as they may be interpreted by the courts of the United States." Fed.R.Evid. 501.
 
 
 6
 However, the privilege advanced by appellant has been created by state statute, and does not arise from common law. It does not, therefore, automatically preclude the use of otherwise admissible evidence. See, e.g., Memorial Hospital v. Shadur, 664 F.2d 1058, 1061-63 (7th Cir.1981) (state physician peer review confidentiality statute does not control in federal question case). While as a matter of comity federal courts accord deference to state-created privileges, see id., such privileges are construed narrowly, see Von Bulow v. Von Bulow, 811 F.2d 136, 141 (2d Cir.), cert. denied, 481 U.S. 1015, 107 S.Ct. 1891, 95 L.Ed.2d 498 (1987), and must yield when outweighed by a federal interest in presenting relevant information to a trier of fact, see Patterson v. Norfolk and Western Ry. Co., 489 F.2d 303, 306-07 (6th Cir.1973). In the instant matter, the universally-recognized federal interest in eradicating the illegal drug trade by seizing the tools that facilitate that trade prevails over any interest in the confidentiality of the arrest records. The inability to use such records to refute the innocent owner defense would seriously hamper application of the forfeiture statute. We thus hold that Conn.Gen.Stat. Sec. 54-142a was no bar to the admissibility of the evidence in question.
 
 
 7
 Appellant's second argument is that the district court erred in excluding the opinion of a psychiatrist as to appellant's state of mind concerning her sons' drug activities. At trial the government asked two police officers to describe appellant's cooperation with authorities in investigating the goings on at 31-33 York Street. In response, one officer stated,
 
 
 8
 Well, I was trying to tell Mrs. Mullings that her sons were dealing marijuana, and in great proportions, from that address, and she refused to believe this. She was living in denial.
 
 
 9
 ....
 
 
 10
 I told her, I says, "Mrs. Mullings, you got to stop playing games with yourself. Your boys are selling a lot of drugs up there."
 
 
 11
 Later, another officer testified as to his contact with the people at 31-33 York Street:
 
 
 12
 I tried to ... guide them the correct way, but it doesn't seem to sink through.
 
 
 13
 In rebuttal, counsel for appellant sought to introduce testimony by a psychiatrist that appellant experienced a "repression" which caused her to deny the reality of her sons' activities. The expert was not disclosed on the pretrial preparation order and in fact had spoken to appellant for the first time for only ten to fifteen minutes on the morning of his proposed testimony. The district court excluded the testimony on the grounds that there was no claim that appellant suffered from a mental defect and that the expert would be invading the province of the jury.
 
 
 14
 This ruling was not an abuse of discretion. See United States v. Ginsberg, 758 F.2d 823, 830 (2d Cir.1985). Fed.R.Evid. 702 provides that a qualified expert may testify if his knowledge "will assist the trier of fact to understand the evidence or to determine a fact in issue." The sole issue at trial was whether appellant had knowledge of her sons' activities at 31-33 York Street. This was a simple question for which the jury needed no help. Before this last-minute attempt to obscure the issue there was no serious contention that appellant could not comprehend what her sons were doing. The psychiatrist's testimony would only complicate, not assist, the jury's decision. Cf. United States v. Bright, 517 F.2d 584, 585-86 (2d Cir.1975) (denying psychiatrist's opinion as to "passive-dependent personality disorder").
 
 
 15
 Moreover, the proffered testimony was directly relevant to the innocent owner defense and not legitimate rebuttal. The expert should, therefore, have been disclosed in the trial preparation order.
 
 
 16
 Affirmed.
 
 
 
 [1]
 Section 54-142a provides in pertinent part:
 (a) Whenever in any criminal case, on or after October 1, 1969, the accused, by a final judgment, is found not guilty of the charge or the charge is dismissed, all police and court records and records of any state's attorney pertaining to such charge shall be erased upon the expiration of the time to file a writ of error or take an appeal, if an appeal is not taken, or upon final determination of the appeal sustaining a finding of not guilty or a dismissal, if an appeal is taken.
 ....
 (c) Whenever any charge in a criminal case has been nolled in the superior court, or in the court of common pleas, if at least thirteen months have elapsed since such nolle, all police and court records and records of the state's or prosecuting attorney or the prosecuting grand juror pertaining to such charge shall be erased.
 Conn.Gen.Stat.Ann. Sec. 54-142a (West 1985).
 
 
 [2]
 Section 881(a) reads:
 The following shall be subject to forfeiture to the United States and no property right shall exist in them:
 ....
 (7) All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.
 21 U.S.C. Sec. 881(a) (1988).
 
 
 [3]
 Appellant challenges only the admission of evidence derived from the records themselves, not testimony of police officers independently recalling the arrests. See State v. Morowitz, 200 Conn. 440, 512 A.2d 175, 181-82 (1986)