Mary MERCER, et al., Plaintiffs–
Appellees, Cross–Appellants,

v.

Suzanne MAGNANT, Administrator of the
Indiana Department of Public Welfare,
et al., Defendants–Appellants, Cross–Appellees,

and

Mike Espy, Secretary of Agriculture,
Defendant–Appellee.

Nos. 93–3255, 93–3410.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 5, 1994.

Decided Nov. 17, 1994.

Lowell K. Hull (argued), Legal Services of Northern Indiana, South Bend, IN, and Greta S. Friedman, Boklund, Yandt & Friedman, LaPorte, IN, for plaintiffs.

Pamela Carter, Asst. Atty. Gen., Jon Laramore (argued), Office of the Atty. Gen., Indianapolis, IN, Robert S. Greenspan, Christine N. Kohl (argued), Dept. of Justice, Civ. Div., Appellate Section, Washington, DC, and Clifford D. Johnson, Asst. U.S. Atty., Office of the U.S. Atty., South Bend, IN, for defendants.

Before POSNER, Chief Judge, and ENGEL * and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

Before Indiana sends out a tax refund, it checks to see whether the recipient owes anything to the state. If there is a debt, Indiana notifies the taxpayer of an intent to apply the tax refund to the outstanding indebtedness. The state offers a hearing on the question whether there is indeed such an obligation. After the time to request a hearing passes—or after the decision, if a hearing is requested—the state sets off the debts and remits only the balance in the taxpayer's favor. A district court has held that this tax intercept program, as applied to debts created by excess food stamp distributions, violates the due process and takings clauses of the Constitution. The court not only instructed Indiana to discontinue the tax intercept program but also told the state to refund with interest debts collected in prior years.

Both sides have appealed—Indiana because it believes the decision on the merits unwarranted and the relief a violation of the eleventh amendment, and the plaintiffs (a class of food stamp recipients) because they want additional relief, including the mailing of notices inviting other persons to make claims and an order compelling the Secretary of Agriculture to help them implement their victory over the state. Our first question is whether we have appellate jurisdiction.

█ Plaintiffs sought a declaratory judgment and an injunction; they got neither. The district court filed an opinion in March 1993 announcing that the plaintiffs are entitled to relief, but it did not enter a judgment specifying that relief. See *Azeez v. Fairman*, 795 F.2d 1296 (7th Cir.1986). Aside from a preliminary injunction entered in 1990—an injunction that the state has not sought to appeal—the record contains only two documents looking remotely like judgments. The first, entered on August 19, 1993, reads in full:

This court has examined the stipulation filed on August 2, 1993, in the context of the entire record in this case. This court's Memorandum and Order of March 10, 1993, means exactly what it said and the attempted spin thereon advanced by the Attorney General of Indiana is misplaced as to the constitutionality of I.C. 6–8.1–9.5–1 and 2. Those from whom tax refunds have been withheld or intercepted thereunder are entitled to have same restored with interest. The Eleventh Amendment of the Constitution does not bar the same. This process should proceed with all deliberate speed and all other proceedings now scheduled in this case are CANCELLED. Plaintiffs' counsel should advise the court as to compliance herewith by November 1,

* Hon. Albert J. Engel, of the Sixth Circuit, sitting    by designation.

1993. This case is now considered closed subject to being reopened. SO ORDERED.

The second, entered two days later on the standard form for Rule 58 judgments, provides:

> IT IS ORDERED AND ADJUDGED that all matters herein having been resolved and partial summary judgment having previsouly [sic] been entered in favor of the plaintiffs, this case is now closed.

Neither of these documents is an order appealable by the state, although the second might be appealable by the plaintiffs on the ground that it closes the case without affording them any of the relief to which the district judge believed them entitled. The document entered on August 21 does nothing at all; it supposes that some earlier document awarded the relief. The only candidate is the order of August 19, which is neither a final decision appealable under 28 U.S.C. § 1291 nor an injunction appealable under 28 U.S.C. § 1292(a)(1).

■ Although the order of August 19 says that members of the plaintiff class are entitled to tax refunds with interest, it neither specifies the principal amount of the award nor fixes the amount of interest. Each step is essential to a final decision. See *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976) (declaration of liability without computation of damages may not be appealed even if the district court enters a judgment under Fed. R.Civ.P. 54(b)); *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989) (final resolution of all issues concerning prejudgment interest is essential to finality). Although a judgment establishing a formula that mechanizes the process of getting to a monetary amount may be appealable, *Production & Maintenance Employees v. Roadmaster Corp.*, 954 F.2d 1397, 1401–02 (7th Cir.1992); cf. *Gulf Refining Co. v. United States*, 269 U.S. 125, 136, 46 S.Ct. 52, 53, 70 L.Ed. 195 (1925), the state concedes that the order of August 19 calls for more than ministerial calculations. For their part, the plaintiffs have complained to the district court about deficiencies they perceive in the defendants' process of computation.

So the declaration that Indiana owes the plaintiffs money is not yet appealable.

■ Neither is the instruction to "proceed with all deliberate speed" in calculating the sums owed. This is just a preliminary step toward a judgment. Although it may be characterized as an order to do something, it is no more an "injunction" than is an order to turn over papers in discovery or submit to a physical examination. Only orders awarding relief on the merits, or effectively foreclosing some element of relief, may be appealed as injunctions. See *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 107 S.Ct. 1177, 94 L.Ed.2d 389 (1987); *Allendale Mutual Insurance Co. v. Bull Data Systems, Inc.*, 32 F.3d 1175 (7th Cir.1994); *Reise v. University of Wisconsin*, 957 F.2d 293 (7th Cir.1992); *In re Springfield*, 818 F.2d 565 (7th Cir.1987); *Uehlein v. Jackson National Life Insurance Co.*, 794 F.2d 300 (7th Cir. 1986). Orders to prepare plans that when adopted will be injunctions are not themselves injunctions, even if the process of preparation is extended and expensive. See *Spates v. Manson*, 619 F.2d 204 (2d Cir.1980) (Friendly, J.); *Groseclose v. Dutton*, 788 F.2d 356 (6th Cir.1986); *Liddell v. St. Louis Board of Education*, 693 F.2d 721 (8th Cir. 1981).

■ Indiana believes that the eleventh amendment precludes any order to refund money to the plaintiffs, and we know from *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, —— U.S. ——, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993), that states may take interlocutory appeals to vindicate their constitutional protection from suit under this amendment. This raises the possibility that the August 19 order is appealable even though interlocutory. Defendants have not relied on *Metcalf & Eddy*, however, and for good reason. The foundation for the interlocutory appeal authorized by that case is the existence of a right not to be a litigant. Plaintiffs did not name the state as a party, and defendants do not deny that the litigation may proceed under the approach of *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). They argue only that a particular remedy, damages, is off limits. Once the defendants concede that the litiga-

tion is proper, they undermine any claim of entitlement to an interlocutory appeal. A governmental party must wait for a final decision before taking an appeal on the question whether money damages is an available remedy. *Pullman Construction Industries, Inc. v. United States,* 23 F.3d 1166 (7th Cir.1994).

■ What the defendants want to appeal is not so much the order·of August 19 as it is the opinion filed in March 1993, which said that the state's tax intercept program violates the fourteenth amendment, setting the stage for the parties' disputes about remedies. Yet the district court did not enter any relief in March. An opinion demonstrating that the district court has completed all of the tasks it plans to undertake may be appealable as a terminal order. *Otis v. Chicago,* 29 F.3d 1159 (7th Cir.1994) (en banc). An opinion not accompanied by an injunction does not comply with Fed.R.Civ.P. 65(d), and therefore cannot be enforced as an injunction, see *Schmidt v. Lessard,* 414 U.S. 473, 94 S.Ct. 713, 38 L.Ed.2d 661 (1974), but it is appealable if the circumstances demonstrate that it is the end of the line in the district court. *Burgess v. Ryan,* 996 F.2d 180 (7th Cir.1993); *Alpine State Bank v. Ohio Casualty Insurance Co.,* 941 F.2d 554 (7th Cir. 1991). Cf. *Bates v. Johnson,* 901 F.2d 1424 (7th Cir.1990). The opinion filed in March 1993 was *not* the end of the line. In August 1993 the district court entered further orders, and these orders contemplate still additional relief. Defendants are not yet entitled to appeal.

■ The plaintiffs' cross-appeal, by contrast, is within our jurisdiction. After the district court entered the orders of August 19 and 21, the plaintiffs filed motions seeking additional relief—in particular, an order directing the defendants to notify food stamp recipients that they may be entitled to remedies. See *Green v. Mansour,* 474 U.S. 64, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985); *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). The district court refused to grant any more relief while the state's appeal is pending, which at a minimum denies plaintiffs' request for a preliminary injunction. There are no other obsta-

cles to the plaintiffs' appeal. (Because the complaint named the Secretary of Agriculture as a defendant, plaintiffs had 60 days to appeal, see Fed.R.App.P. 4(a)(1), so the cross-appeal is timely.) Prevailing parties (which the state defendants are, to the extent the plaintiffs seek more relief) may defend their judgment with any argument properly preserved in the district court. *Massachusetts Mutual Life Insurance Co. v. Ludwig,* 426 U.S. 479, 96 S.Ct. 2158, 48 L.Ed.2d 784 (1976); *Jordan v. Duff & Phelps, Inc.,* 815 F.2d 429, 439 (7th Cir.1987). One such argument, vigorously pressed by the Indiana defendants, is that the plaintiffs are not entitled to relief because the tax intercept program complies with the Constitution and federal. law, so we turn .to that question.

When the suit began in 1989 plaintiffs contested the notices Indiana sent to food stamp recipients who the state believed had received excessive benefits because of administrative error. In June 1991 Indiana revised its notices, and the plaintiffs do not dispute the adequacy of the current forms. Before intercepting a tax refund under I.C. 6–8.1– 9.5, the state now affords recipients two notices and two opportunities to contest the calculation: one notice issued by food stamp officials, offering a hearing to determine the amount overpaid, and a second notice issued by tax officials, offering a hearing to determine whether the taxpayer owes a debt to the state and whether that debt may be offset against a refund.

■ Plaintiffs believe that even in its current form the intercept procedure violates 7 C.F.R. § 273.18(g)(4)(ii), but this is untenable. Section 273.18 requires states to recoup overpayments. Subsection (g) defines the extent to which the state may do so by curtailing future food stamp allotments. Reduction is proper when overpayment is attributable to errors (or deceit) in the household's submissions, but, when the overpayment is attributable to administrative error, the allotment may be reduced only if the household agrees. "Choice of this option is entirely up to the household and no household shall have its allotment reduced to an amount with which it does not agree for payment of an administrative error claim."

Plaintiffs read into this regulation a rule that the household cannot be called on to make good the overpayment unless it agrees to do so, but this is not what the regulation says. It forecloses a *method* of collection (reducing the allotment, and thus the household's caloric intake) without abrogating the state's ability to collect in other ways, such as by tapping bank accounts—or anticipated tax refunds. See 7 U.S.C. § 2022(b)(2)(B) (allowing states to use "other means of collection" when the statute and regulations are silent); *Dunn v. Secretary of Agriculture,* 921 F.2d 365, 368 (1st Cir.1990). Section 273.18(g)(1)(i) makes this clear in specifying that the state may collect the whole debt in cash when "the household is financially able to pay the claim at one time".

■ After rejecting the plaintiffs' argument based on § 273.18(g)(4)(ii), the district court took up their constitutional submission. We reproduce the court's entire discussion:

This court is very reluctant to judicially second guess the actions of elected state legislators and agrees wholeheartedly with the values announced by Chief Justice Morrison Waite in *Munn v. Illinois,* 94 U.S. 113 [24 L.Ed. 77] (1876) and with the first Justice Harlan's dissent in *The Civil Rights Cases,* 109 U.S. 3 [3 S.Ct. 18, 27 L.Ed. 835] (1883), and *Pollock v. Farmers['] Loan and Trust Co.,* 158 U.S. 601 [15 S.Ct. 912, 39 L.Ed. 1108] (1895). Notwithstanding this announced sense of judicial self-restraint, this court is hard pressed to find this particular statutory procedure valid under the Fourteenth Amendment of the Constitution of the United States. It fails both on procedural due process and substantive due process grounds. Justice Frankfurter said that due process is often a procedural matter. *See, e.g., Poe v. Ullman,* 367 U.S. 497, 521 [81 S.Ct. 1752, 1765, 6 L.Ed.2d 989] (1961); *Rogers v. Richmond,* 365 U.S. 534, 541 [81 S.Ct. 735, 739–40, 5 L.Ed.2d 760] (1961). And, this statute fails on that ground alone. Additionally, it fails because it also constitutes a taking of property in the substantive sense. It constitutes a taking of clearly defined property in the substantive sense without proper procedures. Within the factual and procedural setting of this case, this particular statutory procedure as it affects this plaintiff violates the Constitution of the United States and is void.

This explanation is mysterious. Although no one can doubt that "due process is . . . a procedural matter," tautologies do not nullify state laws. The district court did not cite any case for the proposition that it is a "taking" or a violation of the due process clause to collect debts by setoff. If a person owes $100 to Indiana for food stamp overpayments, and Indiana owes that person $100 for tax overpayments, a setoff makes both accounts come out right. Provided both sums have been calculated correctly, there is no conceivable constitutional objection—unless the district court meant to hold that collecting a debt is itself an unconstitutional taking, which cannot be right. Delaying payment of the refund pending a hearing is not problematic; procedures required by the Constitution are not themselves unconstitutional. After all, the takings clause has been applied to the states only through the due process clause. *Chicago, Burlington & Quincy R.R. v. Chicago,* 166 U.S. 226, 233–41, 17 S.Ct. 581, 583–86, 41 L.Ed. 979 (1897).

■ Plaintiffs do not defend the district court's reasoning. Instead they contend that deficiencies in the notices the state used before June 1991 render suspect the computation of the amounts to be deducted from tax refunds. Let us assume that this is a genuine constitutional objection to the tax intercept program, as it was administered until June 1991. Such a deficiency, corrected more than three years ago, does not justify any equitable relief today. *Green v. Mansour,* 474 U.S. at 71, 106 S.Ct. at 427; *Watkins v. Blinzinger,* 789 F.2d 474, 483–84 (7th Cir.1986). The only relief potentially available is an award of damages for tax refund intercepts that occurred before the notices were revised in June 1991. But damages are unavailable given the eleventh amendment. *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662 (1974). Plaintiffs reply that the federal government might reimburse Indiana for payments, but this is irrelevant. *Paschal v. Jackson,* 936 F.2d 940 (7th Cir.1991). The eleventh

amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State." The "Judicial power"—that is, federal jurisdiction—does not embrace a suit "commenced or prosecuted against one of the United States". Where the state gets the money to pay a judgment, indeed whether the suit asks for money, is irrelevant to this rule. *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). The source of payment matters when deciding whether a body sponsored or created by a state is itself a "State". See *Hess v. Port Authority Trans–Hudson Corp.,* — U.S. —, 115 S.Ct. 394, 130 L.Ed.2d 245 (1994). No one doubts, however, that the Indiana Department of Public Welfare is an integral component of the State of Indiana. Because a state official sued in an official capacity (which describes all of the state defendants to this suit) is treated as a "state", *Kentucky v. Graham,* 473 U.S. 159, 169, 105 S.Ct. 3099, 3107, 87 L.Ed.2d 114 (1985), plaintiffs must rely on *Ex parte Young. Edelman* and cases such as *Green* show that *Young* does not authorize awards of money. Hence plaintiffs' demand for money remains an action against the State of Indiana without regard to the state's ability to recover, in turn, from the United States. *Edelman* itself involved state funds that were replenished by the federal government. See also *Kennecott Copper Corp. v. State Tax Commission,* 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862 (1946); *Great Northern Life Insurance Co. v. Read,* 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121 (1944). Plaintiffs are in the same position as the litigants in *Edelman* and *Paschal,* and retroactive monetary relief is unavailable for the same reasons.

■ Unavailable, that is, if demanded unconditionally in federal court. The plaintiffs might repair to state court, where the eleventh amendment does not apply. What is more, when undertaking to participate in the food stamp program, Indiana agreed to comply with the program's rules as a condition of receiving federal funds. Recipients therefore may ask the Secretary of Agriculture to turn off the spigot unless the state falls into line. Cf. *South Dakota v. Dole,* 483 U.S. 203, 107 S.Ct. 2793, 97 L.Ed.2d 171 (1987). We may assume that the Secretary could use this power to enforce constitutional as well as statutory requirements. The eleventh amendment does not prevent the national government from enforcing national law. *Employees v. Missouri Department of Public Health & Welfare,* 411 U.S. 279, 285–86, 93 S.Ct. 1614, 1618–19, 36 L.Ed.2d 251 (1973). Yet at oral argument counsel for the plaintiffs assured us that the class does not want the Secretary to use his control of the purse strings in this manner.

■ Then what is the Secretary doing as a defendant? According to the plaintiffs, he was included only to help the district court enforce its final judgment—as if members of the Cabinet were equivalent to special masters. The Department of Agriculture did not create or approve Indiana's tax intercept program; there is no "final agency action" reviewable under the Administrative Procedure Act. 5 U.S.C. § 701. See 7 U.S.C. § 2020(d), 7 C.F.R. § 272.3 (describing the elements of a state's program that are subject to federal approval). If Indiana has violated a federal law, the state rather than the Secretary of Agriculture is answerable. Compare *Banks v. Indiana Family & Social Services Administration,* 997 F.2d 231, 237–42 (7th Cir.1993), with *Haskins v. Stanton,* 794 F.2d 1273 (7th Cir.1986). Neither the APA nor any other statute permits a judge to conscript an executive department of the United States to serve as the court's adjutant when the only wrongdoer is a state, and we therefore agree with the district court's order dismissing the Secretary as a party. Whether he would have been a proper defendant had the plaintiffs sought different relief is a question we need not decide.

The state defendants' appeal, No. 93–3255, is dismissed for want of jurisdiction. On the plaintiffs' appeal, No. 93–3410, the judgment is affirmed to the extent it dismisses the Secretary as a party and denies plaintiffs' requests for relief. The district court should

promptly enter a final decision on all remaining issues.