**STUDENT LOAN MARKETING ASSOCI-ATION, as assignee of Valley National Bank, Plaintiff–Appellant,**

v.

**Frederick S. LIPMAN, Defendant–Appellee.**

No. 94–1903.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 28, 1994.

Decided Jan. 10, 1995.

Robert A. Perkins, Paul S. Turner (argued), McCullough, Campell & Lane, Lawrence M. Liebman, Eddy & Liebman, Jeffrey S. Firestone, Chicago, IL, for plaintiff-appellant.

Frederick S. Lipman, pro se.

Before EASTERBROOK, MANION, and ROVNER, Circuit Judges.

ILANA DIAMOND ROVNER, Circuit Judge.

When Frederick Lipman failed to make any payments on seven medical school loans, the Student Loan Marketing Association ("SLMA") filed this diversity action in federal court. Although served with process, Lipman never appeared before the trial court, and on December 26, 1991, that court entered a default judgment in the amount of $75,676.20, "plus interest at the statutory rate." (R. 15.) The case then lay dormant until August of the following year, when SLMA, believing that the district court had based its judgment on an erroneous assessment of the principal amount due, filed a motion to correct the record. SLMA also requested, as it had in its complaint and motion for default, that the court award both the capitalized and non-capitalized interest due under the notes.[1] The district court

---

1. The notes provide for the accrual of interest during an initial deferment period, which is the time between the date of disbursement and the commencement of the repayment period. Under the notes, this "capitalized" interest is compounded semiannually and is added to the principal. Additional interest then accrues on the

denied SLMA's motion on August 19, 1992, explaining in a minute order that it had taken the judgment amount from the underlying loan documents rather than from SLMA's "unsupported" assertions. Although the court rejected SLMA's claim to $123,148.13 in principal and capitalized interest, the August 19, 1992 order did not mention the amount of interest due under the notes, leaving the parties with the earlier award of "interest at the statutory rate." More than a year later, SLMA again moved, this time through new counsel, for a correction of the judgment. SLMA maintained, as it had in its earlier motion, that Lipman owed it $80,000.00 in principal and more than $60,000.00 in capitalized and non-capitalized interest. Characterizing this as a Fed.R.Civ.P. 60(b) motion, the district court found the motion untimely, as it had been filed more than one year after entry of the underlying judgment. *See* Fed.R.Civ.P. 60(b)(1) (motion to relieve party of final judgment due to mistake, inadvertence, surprise, or excusable neglect must be made within a reasonable time, and not more than one year after entry of the judgment). SLMA appeals, arguing that because its motion was one to correct a clerical mistake under Rule 60(a), rather than to correct a mistaken judgment under Rule 60(b), the motion could be filed at any time. SLMA therefore asks us to remand with directions that the district court correct the judgment to conform with the proof and that it calculate the interest due under the terms of the notes. We agree that a remand is appropriate, although we reach that conclusion by an alternate course.

■ We asked SLMA's counsel at oral argument whether the December 26, 1991 judgment is "final," for if it is not, then a motion to correct a mistake in that judgment could not be untimely even under Rule 60(b), as the one year time period in that rule would never have commenced to run. *See* Fed.R.Civ.P. 60(b) (rule and time limitations apply to "final" judgments); *see also* Advisory Committee Note to 1948 amendment to Rule 60(b), 55 F.R.D. 433, 479 (Rule 60(b) applies only to final judgments; "interlocutory judgments are not brought within [its]

enhanced principal amount once the repayment

restrictions"). Our concern with the judgment's finality results from its oblique reference to "interest at the statutory rate." This phrase leaves the finality of the judgment in doubt because it does not specify whether the district court was awarding prejudgment or merely postjudgment interest. *See Pace Communications, Inc. v. Moonlight Design, Inc.,* 31 F.3d 587, 591 (7th Cir.1994). The distinction is significant because if the district court intended to award prejudgment interest but failed to calculate the amount, its judgment is not final. *Id.; see also Mercer v. Magnant,* 40 F.3d 893, 896 (7th Cir.1994); *Production and Maintenance Employees' Local 504 v. Roadmaster Corp.,* 954 F.2d 1397, 1401 (7th Cir.1992). There is an exception to this rule, however, where the uncalculated interest is free from dispute and is readily ascertainable from the record—that is, where only a ministerial calculation is required and we could perform it as easily as the district court. In that circumstance, we have perceived no purpose in a remand and instead have treated the judgment as final even in the absence of the interest calculation. *See, e.g., In re Stoecker,* 5 F.3d 1022, 1027 (7th Cir.1993); *Roadmaster Corp.,* 954 F.2d at 1401; *Herzog Contracting Corp. v. McGowen Corp.,* 976 F.2d 1062, 1064 (7th Cir.1992).

■ Whether the court's award of "interest at the statutory rate" refers to prejudgment or postjudgment interest is therefore significant. If the court awarded only postjudgment interest, then SLMA would have been required to ask for prejudgment interest within ten days of the judgment, as such a motion falls under Rule 59(e) and is subject to the timing requirement in that rule. *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 175, 109 S.Ct. 987, 991, 103 L.Ed.2d 146 (1989); *McNabola v. Chicago Transit Auth.,* 10 F.3d 501, 520 (7th Cir.1993). Yet if the court intended to award prejudgment interest, or both pre- and postjudgment interest, its judgment would be incomplete and non-final unless merely a ministerial interest calculation remains.

period begins.

We were faced with an equally ambiguous judgment in *Pace Communications*. There, the district court had entered judgment in a particular dollar amount "plus interest and costs," and we inquired of the parties whether this referred to pre- or postjudgment interest. 31 F.3d at 590–91. Because postjudgment interest is awarded automatically by statute to civil litigants who recover money judgments in federal court (*see* 28 U.S.C. § 1961(a)), we observed that "awarding such interest as part of the judgment is redundant" and potentially confusing. 31 F.3d at 591. Yet, because the plaintiff in that case assured us that it had never requested prejudgment interest and that the reference in its complaint to "interest and costs" referred to postjudgment interest alone, we treated the judgment as final. We noted, however, that this required us to read "both the complaint and the district court's opinion to contain unnecessary references to *post*judgment interest." *Id.* (emphasis in original).

■ In the instant case, the district court's judgment also refers to "interest" without specifying whether it is of the pre- or postjudgment variety. The court's mention of "the statutory rate," however, suggests that the district court may have had only postjudgment interest in mind. As *Pace Communications* explains, postjudgment interest is awarded automatically by statute, and the statute itself sets the applicable rate. *See* 31 F.3d at 591.[2] Thus, reference to "the statutory rate" could plausibly refer to the postjudgment rate set by section 1961(a). As we noted in *Pace Communications*, however,

that interpretation would require us to assume that the district court included in its judgment a wholly superfluous reference to postjudgment interest. We are reluctant to do that unless the totality of circumstances convinces us, as they did in *Pace Communications*, that such an assumption is accurate. *See* 31 F.3d at 591.

■ Unlike the plaintiff in *Pace Communications*, SLMA is and always has been seeking *pre* judgment interest on the principal amounts owed. In its complaint, for example, SLMA alleged that Lipman owed $80,000.00 in principal, $52,443.05 in interest through December 31, 1990, and additional interest thereafter through the date of judgment. (R. 1, ¶ 13.) It requested a judgment against Lipman "in the sum of $132,443.05 plus attorney's fees, per diem interest through the date of judgment and court costs." (*Id.*) Thus, all of the references in SLMA's complaint were to pre- and not postjudgment interest. In its motion for default, SLMA similarly requested that judgment be entered consistent with the facts alleged in its complaint, and it attached an affidavit attesting that Lipman owed $80,000.00 in principal and $52,443.05 in interest. (R. 9.) In a subsequent affidavit, SLMA maintained that Lipman owed $123,148.13 in principal and capitalized interest, as well as $18,250.91 in non-capitalized interest. (R. 12.) Neither the default judgment motion nor the affidavits mentioned postjudgment interest. The district court responded by entering judgment for $75,676.20, plus, mysteriously, "interest at the statutory rate." (R. 15.)[3]

---

**2.** Section 1961(a) requires that postjudgment interest

be calculated from the date of the entry of the judgment, at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment.

**3.** The $75,676.20 figure is equal to the total of the actual disbursements to Lipman under the seven promissory notes. SLMA alleged in its complaint, however, that Lipman owes $80,000.00 in principal, and indeed, that is the principal amount Lipman promised to repay in the seven notes. The more than $4,000.00 not disbursed to Lipman was utilized by the lender to

purchase insurance against any losses it might incur if Lipman did not pay. *See* 42 C.F.R. § 60.14(a)(1) (Secretary of Health and Human Services insures lender against losses in return for insurance premium due on the date of the loan). The lender is authorized by the regulations to "charge the borrower an amount equal to the cost of the insurance premium," and it may do so by deducting the amount of the premium from the loan proceeds before disbursement, which the lender did here. *See* 42 C.F.R. § 60.14(a)(2). Each of the promissory notes informed Lipman that he was obligated to reimburse the lender for the insurance premium and that the lender could deduct the premium from the loan proceeds. In each of the first four notes, then, Lipman promised to repay an amount that exceeded the amount disbursed.

In light of the allegations in SLMA's complaint and its subsequent requests for prejudgment interest in the default motion and affidavits, we think it inconceivable that in awarding "interest at the statutory rate," the district court intended to deny prejudgment interest *sub silentio,* and to award only postjudgment interest under section 1961(a). The notes themselves clearly provide for interest to accrue as of the date of disbursement, and the district court never indicated that SLMA was for some reason not entitled to the benefit of its bargain. If the court actually had intended to deny SLMA the interest it was due, it presumably would have explained its reasons for doing so. In the absence of an explanation and in light of the court's reference to interest in the judgment, we do not think that the district court intended to deny prejudgment interest. It is more reasonable to assume that the district court was referring to prejudgment interest despite its use of the phrase "interest at the statutory rate." After all, prejudgment interest is what SLMA had been seeking throughout the proceedings, and neither its complaint nor any of its subsequent filings mentioned interest accruing postjudgment. The district court's reference to interest at least was ambiguous, so that it was not unreasonable for SLMA to have concluded that the court had awarded prejudgment interest in an as yet unspecified amount.

■ Of course, the December 26, 1991 judgment would be final even absent an interest calculation if the amount of interest due is readily ascertainable from the record through only a ministerial calculation. *See, e.g., Mercer,* 40 F.3d at 896; *Roadmaster Corp.,* 954 F.2d at 1401–02. Although the record presumably would provide all the information necessary to calculate interest, the calculation is complex and certainly not "cut and dried." *Cf. In re Stoecker,* 5 F.3d at 1027. Indeed, SLMA's counsel conceded at

oral argument that the interest calculation is unusually complicated, as the notes provide for the accrual of interest at variable rates during the deferment period (while Lipman was in medical school), for deferment period interest to be added periodically to the principal amount, and for additional interest to accrue on the enhanced principal during the repayment period. Because the calculation is therefore not simply ministerial, the December 26, 1991 judgment was not final. *See Mercer,* 40 F.3d at 896.

That finding leads inevitably to the conclusion that SLMA's second motion to clarify the amount of the judgment was not untimely under Rule 60(b). Absent a final judgment, the one year time period set by that rule never commenced to run. As a result, a motion addressed to the December 26, 1991 judgment could be filed at any time.

■ Although the district court never entered a final judgment, we have jurisdiction to consider the timeliness question raised by SLMA's appeal because the March 8, 1994 minute order, which denied SLMA's motion as untimely, is an appealable final decision under 28 U.S.C. § 1291. *See Otis v. City of Chicago,* 29 F.3d 1159, 1165 (7th Cir.1994) (en banc) ("§ 1291 permits appeals from final 'decisions' that are not final 'judgments.' "). Although that order also left prejudgment interest in limbo, it made clear that the district court intended to conduct no further proceedings in the case. That order is therefore appealable as a "final decision" even absent a final judgment. *Id.* at 1165–66; *see also Bankers Trust Co. v. Mallis,* 435 U.S. 381, 387–88, 98 S.Ct. 1117, 1121–22, 55 L.Ed.2d 357 (1978).

■ Because SLMA's belated motion to clarify the amount of the judgment was not untimely under Rule 60(b), we must vacate the district court's March 8, 1994 order and remand with instructions that the district court consider SLMA's motion on its merits.[4]

---

The district court apparently believed, however, that SLMA only was entitled to a judgment in the amount actually disbursed to Lipman.

4. Although its motion was not untimely, we cannot ignore the fact that SLMA was less than diligent in prosecuting this case below. Indeed, SLMA waited eight months before first attempt-

ing to correct the December 26, 1991 judgment, and it then allowed an additional *eighteen* months to pass before reappearing with a second motion. The district court was understandably perturbed by these delays, as are we, but those shortcomings must ultimately be excused because the district court failed to enter a final judgment.

Without the benefit of any explanation for the court's $75,676.20 judgment, we have difficulty understanding why SLMA would not be entitled to the full principal amount of the seven notes. The district court should reconsider this question on remand. That court should also calculate the prejudgment interest due under the notes and award that amount in a proper Rule 58 judgment.

VACATED AND REMANDED WITH INSTRUCTIONS.