Olof FRANZON, M.D. and Women's
Medical & Surgical Health
Care, P.C., Plaintiffs,

v.

MASSENA MEMORIAL HOSPITAL,
Board of Managers of Massena Memorial Hospital, Medical Executive Committee of Massena Memorial Hospital, Jayant J. Jhaveri, M.D., James B. Watson, Bedros Bakirtzian, Christine Rowe–Button, M.D., Sateesh K. Goswami, M.D., Steven Schwam, M.D., Melchiore L. Buscemi, M.D., Edward Burke, M.D., Kenneth Maxik, M.D., TAE–SIK Choi, M.D., Michael Maresca, M.D., Lois Nicandri, and Tina Corcoran, Defendants.

No. 97–CV–0150.

United States District Court,
N.D. New York.

Aug. 12, 1999.

Order Denying Reconsideration
Sept. 27, 1999.

Mitchell G. Mandell, Pollack, Greene Law Firm, New York City, for plaintiffs.

Donald P. Ford, Jr., Thuillez, Ford Law Firm, Albany, NY, Mae A. D'Agostino, Christine K. Krackeler, D'Agostino, Krackeler Law Firm, Menands, NY, Stephen T. Helmer, Mackenzie, Smith Law Firm, Syracuse, NY, Alvin O. Sabo, Donohue, Sabo Law Firm, Albany, NY, James D. Lantier, Smith, Sovick Law Firm, Syracuse, NY, Frances A. Ciardullo, Fager, Amsler Law Firm, Syracuse, NY, Terence P. O'Connor, O'Connor, O'Connor Law Firm, Albany, NY, Thomas S. Brett, Office of Thomas S. Brett, Syracuse, NY, James P. Bessette, Fischer, Bessette Law Firm, Malone, NY, Mark W. Blanchfield, Bouck, Holloway Law Firm, Albany, NY, for defendants.

## DECISION & ORDER

McAVOY, Chief Judge.

The instant matter was the subject of this Court's prior Memorandum—Decision & Orders ("MDOs") dated December 29, 1998, see *Franzon v. Massena Memorial Hosp.*, 32 F.Supp.2d 528 (N.D.N.Y.1998) (*"Franzon II"*), and *Franzon v. Massena Memorial Hosp.*, 977 F.Supp. 160 (N.D.N.Y.1997), familiarity with which is assumed. The Court will not now rehash the facts or procedural history surrounding this litigation. Rather, the reader is referred to the prior MDOs.

Presently before the Court is defendants' appeal of Magistrate Judge Smith's two Memorandum—Decision & Orders ("MDO") dated June 8, 1999 ordering them to produce certain peer review materials, credentials files, quality assurance files, chart reviews, and certain documents submitted to the court in support of an *ex parte* motion to seal.

Pursuant to FED.R.CIV.P. 72(a), a party may file objections to the Order of a non-dispositive issue within ten days of being served. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir.), *cert. denied sub nom. Greenspan, Jaffe, & Rosenblatt v. Sara Lee Corp.*, 498 U.S. 846, 111 S.Ct. 132, 112 L.Ed.2d 100 (1990). "The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." FED.R.CIV.P. 72(a); *see Hoar*, 900 F.2d at 525. "A magistrate judge's finding 'is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *LaBarge v. Chase Manhattan Bank N.A.*, 1997 WL 583122, at *1 (W.D.N.Y. Sept. 3., 1997) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)); *Roberson v. AlliedSignal, Inc.*, 1997 WL 222359, at *1 (N.D.N.Y. March 21, 1997).

The Court has reviewed Magistrate Judge Smith's MDOs and the parties' briefs in connection with this appeal and affirms the MDOs substantially for the reasons stated therein.

To the extent defendants claim that certain of the requested materials are not relevant, this Court has already determined that these materials are relevant and may reasonably lead to the discovery of admissible evidence. *See Franzon II*, 32 F.Supp.2d 528. This is the law of the case and that determination will not now be disturbed. *See United States v. Adegbite*, 877 F.2d 174, 178 (2d Cir.), *cert.*

*denied,* 493 U.S. 956, 110 S.Ct. 370, 107 L.Ed.2d 356 (1989).

Defendants next claim that certain discovery requests are overbroad, unduly burdensome, and clearly designed to embarrass, harass, and annoy the individually named defendants. While the materials sought by plaintiff may be voluminous, they may contain information necessary to prove his claim of disparate treatment. *See generally, Franzon II,* 32 F.Supp.2d 528. However, to reduce the burden on defendants, see FED. R.CIV.P. 26(b)(2)(iii), all such discovery requests should be limited to the last five years. Defendants also raise the interesting point that plaintiff is an obstetrician in the surgical department; yet, he seeks discovery of information regarding physicians in all specialties in the hospital. Defendants contend that information regarding physicians in other specialties are not comparable to physicians in the department of surgery. In order to obtain discovery of materials not relating to the department of surgery, plaintiff shall demonstrate to the satisfaction of the Magistrate Judge that such materials are likely to lead to admissible evidence that would be of probative value to his case. Lastly, plaintiff's Request 91 is overbroad in that it seeks "any and all documents" and provides no meaningful limitations. This request should be limited to the past five years and only to records pertaining to the Hospital. Indeed, to the extent that plaintiff seeks records not pertaining to the Hospital, they likely would not be relevant to his case.

Defendants next argue that these materials are not discoverable because they would be inadmissible at trial due to various state law privileges; in particular, the privileges afforded physician peer review and the quality assurance process by N.Y. EDUC. LAW § 6527(3) and N.Y. PUB. HEALTH LAW § 2805(m). "An assertion of privilege may preclude the admission of relevant evidence but only to the extent the privilege is recognized 'by the principles of the common law as they may be interpreted by the courts of the United States.'" *United States v. One Parcel of Property Located at 31–33 York St., Hartford, Ct.,* 930 F.2d 139, 140 (2d Cir.1991) (quoting FED.R.EVID. 501). Of course, privileges created by state law do not arise from the common law and, thus, do not preclude the use of otherwise admissible evidence. *See id.*

The Magistrate Judge correctly found that there is no federal counterpart to these state law privileges, see *University of Pennsylvania v. EEOC,* 493 U.S. 182, 110 S.Ct. 577, 107 L.Ed.2d 571 (1990), *Memorial Hosp. for McHenry County v. Shadur,* 664 F.2d 1058, 1063 (7th Cir.), that, "as a matter of comity federal courts accord deference to state-created privileges," *One Parcel of Property,* 930 F.2d at 141, that these privileges serve important purposes, see e.g. *Gray v. Board of Higher Educ., City of New York,* 692 F.2d 901, 906 (2d Cir.1982), but that, in the present case, they must yield so that plaintiff may pursue his federal cause of action and enforce his First Amendment rights. *See One Parcel of Property,* 930 F.2d at 141; *Syposs v. United States,* 179 F.R.D. 406, 411 (W.D.N.Y.1998); *Johnson v. Nyack Hosp.,* 169 F.R.D. 550 (S.D.N.Y.1996); *Tartaglia v. The Paul Revere Life Ins. Co.,* 948 F.Supp. 325 (S.D.N.Y.1996); *King v. Conde,* 121 F.R.D. 180 (E.D.N.Y.1988). Because plaintiff alleges that the defendants have used the peer review process to retaliate against him for exercising his First Amendment rights, plaintiff must present evidence that other physicians with comparable or worse records than his were not treated similarly. *See Shadur,* 664 F.2d at 1062. "Such evidence, if it exists, would likely be found in the hospital's records of disciplinary proceedings against other doctors. To deny [plaintiff] access to this information may very well prevent him from bringing his action altogether." *Id.*

With respect to defendants other arguments, the Magistrate Judge was in the best position to determine whether the need for particular documents outweighed the physician-patient privilege and the Court sees no reasons to disturb these findings.

Subject to the limitations discussed above, the Magistrate Judge's MDO is AFFIRMED.

IT IS SO ORDERED.

## MEMORANDUM—DECISION & ORDER ON RECONSIDERATION

The instant matter has been the subject of two prior Memorandum—Decision & Orders ("MDOs"), *see Franzon v. Massena Memorial Hosp.,* 32 F.Supp.2d 528 (N.D.N.Y.1998) (*"Franzon II"*); *Franzon v. Massena Memorial Hosp.,* 977 F.Supp. 160 (N.D.N.Y.1997), and the more recent Decision & Order dated August 12, 1999, *Franzon v. Massena Memorial Hosp.,* 189 F.R.D. 220 (N.D.N.Y.1999) (*"Franzon III"*) (annexed hereto), familiarity with which are assumed. The Court will not now rehash the facts or procedural history surrounding this litigation. Rather, the reader is referred to the prior decisions.

Presently before the Court is Defendants' motion pursuant to FED. R. CIV. P. 60, for reconsideration, or, in the alternative, for an Order pursuant to 28 U.S.C. § 1292(b) permitting an interlocutory appeal.

### A. Motion Pursuant to FED.R.CIV.P. 60

█ The instant motion is not properly brought pursuant to FED.R.CIV.P. 60 because it does not seek relief from a "final judgment, order, or proceeding." FED.R.CIV.P. 60. *See Torres v. Chater,* 125 F.3d 166, 168 (3rd Cir.1997) ("[T]he underlying order in the district court is purely interlocutory and, thus, not within the scope of Rule 60(b), which applies only to "final" judgments and orders. An example of that situation might be a discovery order or similarly preliminary step in litigation being conducted in the district court."); *Student Loan Mktg. Ass'n. v. Lipman,* 45 F.3d 173, 175 (7th Cir.1995). This Court's prior Order regarding a discovery issue was interlocutory in nature and, thus, not within the ambit of Rule 60. *See id.* The Rule 60 motion, therefore, must be denied.

### B. Motion for Reconsideration

█ Because this instant matter is not governed by Rule 60, it is properly brought as a motion for reconsideration. *See* N.D.N.Y.L.R. 7.1(g). "The standard for granting ... a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to

controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Trans. Inc.,* 70 F.3d 255, 256 (2d Cir. 1995). Here, Defendants point to no controlling decisions or data that may have been overlooked by this Court, or to anything else that might reasonably be expected to alter the prior conclusion. Rather, Defendants point to *Weekoty v. United States,* 30 F.Supp.2d 1343 (D.N.M.1998), in support of their motion for reconsideration. Of course, *Weekoty,* a district court decision from New Mexico, is not controlling here and, accordingly, does not provide grounds for reconsideration. Defendants merely use this opportunity to relitigate certain discovery issues. "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader,* 70 F.3d at 256.

The Court is not blind to the important policy considerations behind upholding the confidentiality of the medical peer review process in a proper case. However, the Court is disinclined to adopt a state-created privilege when doing so would allow the use of the peer review process as both a sword and a shield. This is particularly so when persons are alleged to have used that process to deprive others of their constitutional rights. As this Court previously stated:

> Because plaintiff alleges that the defendants have used the peer review process to retaliate against him for exercising his First Amendment rights, plaintiff must present evidence that other physicians with comparable or worse records than his were not treated similarly. *See Memorial Hosp. for McHenry County v. Shadur,* 664 F.2d 1058, 1062 (7th Cir.1981). "Such evidence, if it exists, would likely be found in the hospital's records of disciplinary proceedings against other doctors. To deny [plaintiff] access to this information may very well prevent him from bringing his action altogether." *Id.*

*Franzon III,* at p. 222.

To the extent Defendants now claim that the matters are protected by a federal self-

critical analysis privilege, the Court rejects this argument. First, Defendants did not raise this argument before the Magistrate Judge or on appeal to this Court. Second, there are no Supreme Court or Second Circuit cases recognizing such a privilege. Notably, Defendants do not point to, and the Court has been unable to find, a single decision from the Northern District of New York recognizing such a privilege. Third, the viability of such a privilege is in serious doubt. *See Wimer v. Sealand Serv., Inc.,* 1997 WL 375661, at *1 (S.D.N.Y. July 3, 1997).

■ To the extent such a privilege is recognized by the federal courts, it is "at best, a qualified privilege, so that the Court must weigh the need of the party requesting disclosure against the interest in confidentiality which the privilege protects." *Abbott v. Harris Publications,* 1999 WL 549002, at *2 (S.D.N.Y. July 28, 1999); *see also, In re Crazy Eddie Securities Litigation,* 792 F.Supp. 197, 205 (E.D.N.Y.1992). For reasons previously discussed above and in *Franzon III,* the Court finds that, under the circumstances of this case, Plaintiff's interest in disclosure outweighs the interest in confidentiality which the privilege protects.

Accordingly, Defendants' motion for reconsideration is denied.

### C. Motion to File Interlocutory Appeal

■ Finally, Defendants move for an Order pursuant to 28 U.S.C. § 1292(b) permitting an immediate appeal of the August 12, 1999 Decision & Order.

"Use of ... [the] certification procedure [pursuant to 28 U.S.C. § 1292(b)] should be strictly limited because only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Flor,* 79 F.3d 281, 284 (2d Cir.1996) (Internal citations, quotations, and punctuation omitted). The statute requires that three conditions be met prior to certifying a matter for appeal: (1) the order to be appealed must have involved a controlling question of law; (2) there must be a substantial ground for difference of opinion without respect to that controlling question of law; and (3) an immediate appeal is likely to materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b).

### 1. Controlling Question of Law

First, the August 12, 1999 Decision & Order did not involve a controlling question of law. *See* 28 U.S.C. § 1292(b); *Klinghoffer v. S.N.C. Achille Lauro Ed Altri–Gestione Motonave Achille Lauro in Amministrazione Straordinaria,* 921 F.2d 21, 24 (2d Cir.1990). Rather, this Court's determination merely related to a discovery dispute. If the Second Circuit were to reverse this Court's prior Order, it would not terminate the instant action and, thus, is not likely to be considered a controlling question of law. *See id.* "Questions of this sort, involving the discretion of the judge in conducting pretrial discovery proceedings, should not be reviewed by an appellate court at this stage of a litigation." *Atlantic City Elec. Co. v. A.B. Chance Co.,* 313 F.2d 431, 434 (2d Cir.1963); *see also, Baker v. United States Steel Corp.,* 492 F.2d 1074, 1077 (2d Cir.1974).

### 2. Substantial Ground for Difference of Opinion

Second, even if the Court's August 12 Decision & Order did involve a controlling question of law, there is not a "substantial ground for difference of opinion" about that issue of law. 28 U.S.C. § 1292(b); *Klinghoffer,* 921 F.2d at 25. Most courts in this Circuit have questioned the continuing validity of the self-critical analysis privilege. *See Spencer,* 1999 WL 619637, at *1; *Abbott,* 1999 WL 549002, at *1; *see also University of Penn. v. EEOC,* 493 U.S. 182, 110 S.Ct. 577, 107 L.Ed.2d 571 (1990). Even those Courts that recognize the self-critical analysis privilege have noted that it is not absolute, and balance the need for disclosure against the need for confidentiality—a matter particularly within the discretion of the District Court. *See In re Crazy Eddie,* 792 F.Supp. at 205.

Further, many courts have found that, under similar circumstances, such state law privileges may not be asserted in connection with litigation in the federal courts of matters of federal question. *See, e.g., Shadur,* 664 F.2d at 1062–63; *Johnson v. Nyack Hosp.,* 169 F.R.D. 550 (S.D.N.Y.1996); *Paga-*

*no v. Oroville Hosp.,* 145 F.R.D. 683 (E.D.Cal.1993); *Hansen v. Allen Memorial Hosp.,* 141 F.R.D. 115 (S.D.Iowa 1992); *Wei v. Bodner,* 127 F.R.D. 91 (D.N.J.1989); *Quinn v. Kent Gen. Hosp., Inc.,* 617 F.Supp. 1226 (D.Del.1985); *Ott v. St. Luke Hosp. of Campbell County, Inc.,* 522 F.Supp. 706 (E.D.Ky.1981); *Robinson v. Magovern,* 83 F.R.D. 79 (W.D.Pa.1979); *see also, United States v. One Parcel of Property Located at 31–33 York Street, Hartford, Connecticut,* 930 F.2d 139, 141 (2d Cir.1991).

### 3.  Materially Advance the Ultimate Termination of the Litigation

Finally, permitting an interlocutory appeal here is not likely to "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  Again, Defendants seek to appeal an Order with respect to discovery, not an issue that is likely to hasten the litigation.  Any review by the Second Circuit of the August 12, 1999 Decision & Order will have little to no impact on the overall resolution of this litigation.  To the contrary, allowing an appeal of such a discretionary Order is likely to delay, rather than advance this litigation.  *See Atlantic City Elec.,* 313 F.2d at 434 ("[T]o permit appellate review of this kind of discretionary discovery order, merely an intermediate step in these complex cases, would thwart rather than effectuate the purpose of 1292(b) to 'materially advance the ultimate termination of the litigation.'") (quoting 28 U.S.C. § 1292(b)).

For the foregoing reasons, Defendants' motion is DENIED in its entirety.

**IT IS SO ORDERED.**