13-3292-cv
*Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of July, two thousand fourteen.

PRESENT:

JOSÉ A. CABRANES,
SUSAN L. CARNEY,
CHRISTOPHER F. DRONEY,
  *Circuit Judges.*

_____

TRU-ART SIGN CO., INC.,

  *Plaintiff-Appellee,*

  v.                                                                              No. 13-3292-cv

LOCAL 137 SHEET METAL WORKERS INTERNATIONAL
ASSOCIATION,

  *Defendant-Appellant.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLEE:** | MICHAEL J. MAURO (Joseph M. Labuda, *on the brief*), Milman Labuda Law Group PLLC, Lake Success, NY. |
| **FOR DEFENDANT-APPELLANT:** | KRISTIN L. MARTIN (Richard G. McCracken, *on the* brief), Davis, Cowell & Bowe LLP, San Francisco, CA. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Leonard D. Wexler, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's judgment of liability is **AFFIRMED**, and the damages portion of the judgment is **VACATED** and **REMANDED** for a new trial solely on the question of damages.

Defendant Local 137 Sheet Metal Workers International Association ("Local 137") appeals from an August 27, 2013 entry of judgment of the District Court in favor of plaintiff Tru-Art Sign Co., Inc. ("Tru-Art") following a jury trial. This case involves an award of damages for Local 137's so-called "secondary boycott"[1] allegedly in violation of § 303 of the Labor Management Relations Act ("LMRA), codified as amended, 29 U.S.C. § 187. The central question in this appeal is whether Local 137 made any unlawful threats, as defined by 29 U.S.C. § 158(b)(4) (commonly referred to as § 8(b)(4) of the Act) that caused Wells Fargo Bank to move the conversion work of new signs outside its banks from Tru-Art to another contractor.

## DISCUSSION

Under § 303 of the LMRA, it is unlawful for "any labor organization to engage in any activity or conduct defined as an unfair labor practice in" § 8(b)(4) of the Act. 29 U.S.C. § 187(a). There are three elements to establishing an LMRA claim based on unlawful § 8(b)(4) conduct. The first relates to the *nature* of the union's conduct: whether the union or its agents engaged in, induced, or encouraged a refusal to perform services (a § 8(b)(4)(i) claim), or threatened, coerced, or restrained any person (a § 8(b)(4)(ii) claim). *Carrier Air Conditioning Co. v. NLRB*, 547 F.2d 1178, 1189-91 (2d Cir. 1976). The second element relates to the *purpose* of the union's conduct: whether "under all the surrounding circumstances, the Union's objective was preservation of work for [the boycotted or threatened employer's] employees . . . or whether the . . . [union's activities] were tactically calculated to satisfy union objectives elsewhere." *Nat'l Woodwork Mfrs. Ass'n v. NLRB*, 386 U.S. 612, 644 (1967). The third element is whether the unlawful conduct was a proximate cause of the damage. *Landstrom v. Chauffeurs, Teamsters, Warehousemen & Helpers Local Union No. 65*, 476 F.2d 1189, 1195 (2d Cir. 1973)

### I. Judgment as a Matter of Law

Local 137's principal contention on appeal is that it was entitled to judgment as a matter of law on its § 8(b)(4) claims. "[W]e review *de novo* the district court's decision regarding a motion for judgment as a matter of law" under Federal Rule of Civil Procedure 50. *Phillips v. Bowen*, 278 F.3d 103, 108 (2d Cir. 2002). We apply the same standard as that of the district court, and will grant a motion for judgment as a matter of law "only if, viewing the evidence in the light most favorable to the non-moving party, a reasonable juror would be compelled to find in favor of the moving party." *Tuccio v. Marconi*, 589 F.3d 538, 540 (2d Cir. 2009).

---

[1] When a union targets an employer with whom it has a dispute, the union is said to have engaged in "primary activity." When a union targets an employer with whom it does not have a dispute (a "secondary" or "neutral employer"), the union is said to have engaged in "secondary activity." *See Capitol Awning Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 698 F. Supp. 2d 308, 322 (E.D.N.Y. 2010).

After careful review, we conclude that the evidence presented at trial was sufficient for a reasonable juror to conclude that Local 137 made unlawful threats that caused Wells Fargo to shift its work away from Tru-Art. Local 137 threatened to "shut down" any Wells Fargo job sites employing non-union workers, which our case law has consistently deemed unlawful under § 8(b)(4)(ii).[2] *See, e.g.*, *Landstrom*, 476 F.2d at 1191-92; *NLRB v. Plumbers Union of Nassau County, etc.*, 299 F.2d 497, 500 (2d Cir. 1962). During the conversion project, Local 137 also communicated with Wells Fargo, "claiming" the work that Tru-Art was to perform. At one point, Local 137's agent sent an email to Wells Fargo stating that there could be a "problem" between Wells Fargo and Local 137 if the conversion work in Manhattan was being performed by a non-Local 137 company.[3] When viewed in its totality, this evidence was sufficient for a reasonable juror to find that Local 137's threats were coercive and unlawful.[4]

## II. Jury Instructions

Local 137's next challenge on appeal concerns the jury instructions. We review jury instructions "*de novo* to determine whether the jury was misled about the correct legal standard or was otherwise inadequately informed regarding the controlling law." *Girden v. Sandals Int'l*, 262 F.3d 195, 203 (2d Cir. 2001) (internal quotation marks omitted). Ordinarily "[a] new trial is required if, considering the instruction as a whole, the cited errors were not harmless, but in fact prejudiced the objecting party." *Id.* But jury instructions to which an objection was not made at trial are reviewed only for "plain error"—that is, error "affect[ing] substantial rights." Fed. R. Civ. P. 51(d)(2). To constitute such error, "a court's action must contravene an established rule of law" and "go to the very essence of the case." *Rasanen v. Doe*, 723 F.3d 325, 333 & n.2 (2d Cir. 2013) (alteration and internal quotation marks omitted).

Local 137 first argues the trial court committed plain error by instructing the jury that a union may not lawfully direct any protest activities at a neutral or secondary employer with the intent to force that secondary employer to cease doing business with a primary employer. In light of the abundant evidence of indisputably unlawful threats discussed above, among other evidence, we cannot conclude that any purported error in the challenged instruction affected Local 137's substantial rights.

Local 137 argues next, as it did below, that the District Court erred in refusing to instruct the jury that § 8(b)(4) does not prohibit a union from informing a secondary employer of its intention to engage in lawful conduct directed at a primary employer. Yet, again, we cannot conclude that any purported error in the jury instructions was prejudicial—understood as improperly influencing the jury's verdict in any way—in light of the overwhelming evidence of unlawful threats. *Cf. Renz v. Grey*

---

[2] The coercive nature of the threat to shut down the sites is corroborated by statements of the Wells Fargo's project manager that Local 137 was the "problem child[ ]," that Local 137 was "hitting back hard," and that Wells Fargo needed "to understand the shakedown" from Local 137.

[3] Although this email was written by a representative from another union and concerned installation work in both New York City and elsewhere, Local 137 does not contend on appeal that this email cannot be imputed to it.

[4] Because the damages Tru-Art asserted under its § 8(b)(4)(i) and (ii) claims both stemmed from the same act— Wells Fargo terminating Tru-Art—Tru-Art was entitled to the same amount of damages regardless of which section the jury found Local 137 had violated. Therefore, we need not decide whether the evidence was sufficient to support Tru-Art's § 8(b)(4)(i) claim, insofar as the evidence was sufficient to support its § 8(b)(4)(ii) claim.

*Adver., Inc.*, 135 F.3d 217, 224 (2d Cir. 1997) (affirming judgment despite erroneous jury charge where evidence in support of verdict was "overwhelming").

Accordingly, Local 137 is not entitled to a new trial because of any supposed errors in the jury instructions.

### III. Damages

Local 137's final argument on appeal is that the Court should have ordered a new trial on damages due to an excessive damages award. We review the denial of a motion for a new trial on damages for abuse of discretion. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 419 (1996).

The evidence at trial was undisputed that Tru-Art typically makes a profit by marking up its costs by 50%. Tru-Art estimated that its total compensation for work, including costs, would have been $1,320,000. At a 50% profit markup, the total price of $1,320,000 breaks down to $880,000 in costs and $440,000 in profit. However, the jury awarded Tru-Art the larger sum of $650,000.[5] Accordingly, the damages award was clearly excessive.

### CONCLUSION

We have considered all of Local 137's remaining arguments on appeal and find them to be without merit. Accordingly, the District Court's judgment of liability is **AFFIRMED**, and the damages portion of the judgment is **VACATED** and **REMANDED** for a new trial solely on the question of damages.

As an alternative to a new trial, the District Court may, in its discretion, offer Tru-Art the option of accepting a remittitur of the portion of damages award found to be excessive, consistent with this order. *See Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 119 (2d Cir. 2004).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[5] The jury likely made this mathematical mistake because Tru-Art argued in closing, without evidence in the record, that lost profits were $650,000.

4