**15-3415-cv**
*Tru-Art Sign Co., Inc. v. Local 137 Sheet Metal Workers Int'l Ass'n*

# In the

# United States Court of Appeals

## For the Second Circuit

————

AUGUST TERM, 2016

ARGUED: SEPTEMBER 27, 2016
DECIDED: MARCH 29, 2017

No. 15-3415-cv

TRU-ART SIGN CO., INC.,
*Plaintiff-Appellant,*

*v.*

LOCAL 137 SHEET METAL WORKERS INTERNATIONAL ASSOCIATION,
*Defendant-Appellee.*

————

Appeal from the United States District Court
for the Eastern District of New York.
No. 11 Civ. 1709 – Leonard D. Wexler, *Judge.*

————

Before: WALKER and CABRANES, *Circuit Judges*, and BERMAN, *District Judge.**

————

---

*Judge Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

Plaintiff-appellant Tru-Art Sign Co., Inc. ("Tru-Art") appeals from an order of the United States District Court for the Eastern District of New York (Leonard D. Wexler, *J.*) denying its motion for interest and costs. Following a jury trial, the district court entered judgment in favor of Tru-Art. On appeal, we affirmed the finding of liability, vacated the damages award, and remanded for a new trial on damages or, in the alternative, for the district court to offer Tru-Art a remittitur. Tru-Art elected a remittitur and thereafter filed a motion for costs as well as prejudgment and postjudgment interest, which the district court denied. Tru-Art now appeals this decision. Because we find Tru-Art's motion for prejudgment interest was untimely under Federal Rule of Civil Procedure 59(e) and that Tru-Art waived its claim for costs pursuant to Local Civil Rule 54.1 of the Eastern District of New York, we AFFIRM the district court's denial of such interest and costs. We VACATE the district court's order to the extent it denied postjudgment interest and REMAND for the district court to calculate and award such interest.

_____

JOSEPH M. LABUDA (Netanel Newberger, *on the brief*), Milman Labuda Law Group PLLC, Lake Success, NY, *for Plaintiff-Appellant.*

NATHANIEL K. CHARNY, Charny & Associates, Rhinebeck, NY, *for Defendant-Appellee.*

————

JOHN M. WALKER, JR., *Circuit Judge*:

Plaintiff-appellant Tru-Art Sign Co., Inc. ("Tru-Art") appeals from an order of the United States District Court for the Eastern District of New York (Leonard D. Wexler, *J.*) denying its motion for interest and costs.  Following a jury trial, the district court entered judgment in favor of Tru-Art.  On appeal, we affirmed the finding of liability, vacated the damages award, and remanded for a new trial on damages or, in the alternative, for the district court to offer Tru-Art a remittitur.  Tru-Art elected a remittitur and thereafter filed a motion for costs as well as prejudgment and postjudgment interest, which the district court denied.  Tru-Art now appeals this decision.  Because we find Tru-Art's motion for prejudgment interest was untimely under Federal Rule of Civil Procedure 59(e) and that Tru-Art waived its claim for costs pursuant to Local Civil Rule 54.1 of the Eastern District of New York, we AFFIRM the district court's denial

of such interest and costs.  We VACATE the district court's order to the extent it denied postjudgment interest and REMAND for the district court to calculate and award such interest.

**BACKGROUND**

Tru-Art prevailed at a jury trial on its claims against defendant-appellee Local 137 Sheet Metal Workers International Association ("Local 137") for violations of § 8(b)(4) of the National Labor Relations Act and the jury awarded Tru-Art $650,000 in damages.  On August 27, 2013, the district court entered judgment in favor of Tru-Art with "no costs or fees awarded to either party." Tru-Art did not request interest or costs and it did not move to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).

Local 137 thereafter appealed, arguing that it was entitled to judgment as a matter of law on certain claims, that the jury instructions were flawed, and that the district court should have ordered a new trial on damages due to an excessive damages award. We affirmed the district court's judgment as to liability, but vacated the damages on the basis that the award was "clearly excessive"

because the evidence at trial only supported damages amounting to $440,000. *Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 573 F. App'x 66, 69 (2d Cir. 2014) (summary order). We remanded for a new trial on damages and noted that, in the alternative, the district court could offer Tru-Art the option of accepting a remittitur as to the damages found to be excessive. *Id.*

On October 8, 2014, Tru-Art accepted a remittitur and, for the first time in the proceedings, requested and received permission to file a motion for costs and prejudgment interest. On October 29, 2014, the district court entered a second judgment against Local 137 for $440,000—the amount that we had identified on appeal as appropriate. On the same day, Tru-Art filed its motion for costs, prejudgment interest, and postjudgment interest. Local 137 opposed Tru-Art's requests for prejudgment interest and costs.

On September 29, 2015, the district court denied Tru-Art's requests for prejudgment interest and costs. The district court found that an award of prejudgment interest was not appropriate, reasoning that there were no special circumstances warranting

additional compensation and that such an award likely would overcompensate Tru-Art. The district court also noted that Tru-Art requested prejudgment interest for the first time at a conference following our remand and the issuance of our mandate. Finally, the district court found that Tru-Art's enumerated costs were excessive and noted that Tru-Art never sought to amend or challenge the first judgment in this case, which did not award costs. The district court did not address Tru-Art's request for postjudgment interest. Tru-Art timely appealed.

## DISCUSSION

We review a district court's decision to deny prejudgment interest and costs for abuse of discretion. *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 100 (2d Cir. 2006) (per curiam); *Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 263-64 (2d Cir. 2014). Determinations of timeliness are generally matters of statutory interpretation, which we review *de novo*. *Boykin v. KeyCorp*, 521 F.3d 202, 207 (2d Cir. 2008). We may affirm on any basis supported by the record. *Coulter v. Morgan Stanley & Co.*, 753 F.3d 361, 366 (2d Cir. 2014) (per curiam).

## I.    Prejudgment Interest

A plaintiff's "postjudgment motion for discretionary prejudgment interest constitutes a motion to alter or amend the judgment under [Federal Rule of Civil Procedure] 59(e)." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989).  A motion pursuant to Rule 59(e) "must be filed no later than 28 days after the entry of the judgment," Fed. R. Civ. P. 59(e), and a court may not grant an extension to file such a motion, Fed. R. Civ. P. 6(b)(2).

At issue in this case is whether the initial judgment—entered on August 27, 2013—or the second judgment—entered on October 29, 2014 after Tru-Art accepted the remittitur—determines when the 28-day period began to run for Tru-Art's Rule 59(e) motion for prejudgment interest.  We find that, in the instant case, the timeliness of Tru-Art's motion is based on the first judgment entered on August 27, 2013.

We have held that, in certain circumstances, a plaintiff may timely move for prejudgment interest for the first time on remand.[1] *See, e.g., Adams v. Lindblad Travel Inc.*, 730 F.2d 89, 93-94 (2d Cir. 1984); *see also Paddington Partners v. Bouchard*, 34 F.3d 1132, 1144 (2d Cir. 1994); *In re Frigitemp Corp.*, 781 F.2d 324, 328 (2d Cir. 1986).  Tru-Art argues that such holdings are analogous to the instant case.  We disagree.  In *Adams v. Lindblad Travel Inc.*, for example, the plaintiff requested prejudgment interest on appeal, was entitled to recover prejudgment interest as a matter of right under the applicable statutes, and the district court was instructed to engage in a recalculation or reconsideration of damages on remand.  730 F.2d at 93-94.  As a result, we noted that the parties did not have any "legitimate expectation that the issues relating to the ultimate award [were] finally decided" and that the district court would have "ample opportunity" on remand to make any findings necessary to

---

[1] We also have held that a district court may award prejudgment interest *sua sponte* if the initial judgment is vacated on appeal and the case is remanded for a recalculation of damages, and that we may award such interest *sua sponte* if the question of damages is open on appeal and an award is "mandated by the interests of justice."  *See Newburger, Loeb & Co. v. Gross*, 611 F.2d 423, 433–34 (2d Cir. 1979).  Our holding in the instant case does not implicate these determinations.

calculate prejudgment interest, such as the accrual date of the cause of action. *Id.*

Here, prejudgment interest was not mandatory pursuant to the applicable statute—Section 303(b) of the Labor Management Relations Act, 29 U.S.C. § 187(b). *See Wickham Contracting Co. v. Local Union No. 3, Int'l Bhd. of Elec. Workers*, 955 F.2d 831, 836 (2d Cir. 1992). Tru-Art also did not file its motion for prejudgment interest until after it had accepted the remittitur.[2] At the time of Tru-Art's motion, therefore, the damages award had been finally decided.

*McNabola v. Chicago Transit Authority*, 10 F.3d 501, 521 (7th Cir. 1993) is instructive. There, the Seventh Circuit held that, when both an initial judgment and a judgment that is entered after a remittitur exist, the timeliness of a motion for prejudgment interest should be determined based on the second judgment only if the Rule 59(e) motion "bear[s] some relationship" to the basis for altering the original judgment—*e.g.,* the determination that damages were

---

[2] Tru-Art did state that it was entitled to prejudgment interest in a letter to the court, dated September 4, 2013, in which it opposed the amount of a supersedeas bond that Local 137 had proposed. Tru-Art, however, did not formally move to alter or amend the judgment.

excessive. *Id.* The Seventh Circuit concluded that the plaintiff—who moved for prejudgment interest for the first time approximately four months after the initial judgment had been entered and only after the defendant had moved for a new trial on the ground that the jury had awarded excessive damages—had not timely filed a motion for such interest. *Id.* at 520-21. The court noted that, "[a]lthough [plaintiff] could have filed a Rule 59(e) motion *challenging the remittitur* after entry of a 'second final judgment', he could not for the first time file a motion for prejudgment interest because such a motion was addressed to the initial and not the [second] judgment." *Id.* at 521 (citation omitted).

Several district courts in this circuit have adopted this rule in similar contexts. *See Kazazian v. Bartlett & Bartlett LLP*, No. 03 Civ. 7699 (LAP), 2007 WL 4563909, at *3 (S.D.N.Y. Dec. 19, 2007) ("Plaintiff's new Rule 59(e) motion to amend the Amended (Corrected) Judgment will only be considered timely . . . to the extent it seeks to amend something altered by the previous amendment."); *see also Padilla v. Maersk Line, Ltd.*, No. 07 Civ. 3638

(RMB/THK), 2012 WL 4009555, at *1 (S.D.N.Y. Sept. 12, 2012) ("Where both an original and an amended judgment exist, a party may not [base] its own untimely request for alteration of the [original] judgment on a wholly independent ground from the one that gave rise to the amended judgment." (citation omitted)).

We now adopt the timeliness rule stated by the Seventh Circuit in *McNabola* as the law of our circuit. When both an initial judgment and an amended judgment exist, the timeliness of a Rule 59(e) motion is determined from the date of the amended judgment *only if* the motion bears some relationship to the district court's alteration of the first judgment. *McNabola*, 10 F.3d at 521. Phrased differently, when a district court alters its judgment, a party aggrieved *by the alteration* must ask for correction *of that alteration* to have the timeliness of their correction determined from the date of the altered judgment. *Id.* If the Rule 59(e) motion bears no relationship to the district court's alteration of the initial judgment, the motion's timeliness is determined from the date of the earlier judgment.

As noted by the Seventh Circuit in *McNabola*, the time limit stated in Rule 59(e) would be ineffective if parties could continually file motions unrelated to the basis for the new judgment, thereby preventing the judgment from becoming final. *See id.* Here, although the district court entered a second judgment after we vacated the damages award—and did not merely amend its own judgment—the same logic applies because the district court offered a remittitur of the damages awarded in the first judgment, which Tru-Art accepted. Tru-Art, therefore, in effect seeks to amend the first judgment, which did not include discretionary prejudgment interest. Tru-Art's motion, which was filed more than a year after the first judgment was entered, was untimely in relation to that judgment and does not "bear some relationship" to Local 137's appeal, which gave rise to the second judgment. *See id.*

Further, even assuming *arguendo* that Tru-Art's motion for prejudgment interest had been timely filed, we find the district court appropriately considered the relevant factors stated in *Wickham Contracting Co. v. Local Union No. 3, Int'l Bhd. of Elec. Workers*, 955

F.2d at 834, and did not abuse its discretion in determining that based on these factors prejudgment interest would overcompensate Tru-Art.

Accordingly, we affirm the district court's denial of Tru-Art's motion for prejudgment interest.[3]

**II.    Costs**

Pursuant to Federal Rule of Civil Procedure 54(d)(1), costs ordinarily "should be allowed to the prevailing party."   A motion for costs, unlike one for prejudgment interest, is not a motion to alter or amend a judgment under Rule 59(e) and is not subject to the same timeliness standard.  *See Osterneck*, 489 U.S. at 174-75; *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 268 (1988) (finding a motion for costs is not brought pursuant to Rule 59(e) because it "does not involve reconsideration of any aspect of the decision on the merits").

---

[3] Tru-Art argues in the alternative—for the first time in its reply brief—that its motion for prejudgment interest was timely filed pursuant to Federal Rule of Civil Procedure 60(b).  We ordinarily do not consider issues raised for the first time in a reply brief.  *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009).  In any event, the argument does not merit our attention because Tru-Art does not state the basis for which it should be granted relief under Rule 60(b).

A party seeking to recover costs in the United States District Court for the Eastern District of New York, however, must file with the Clerk of Court a notice of taxation of costs "[w]ithin thirty (30) days after the entry of final judgment, or, in the case of an appeal by any party, within thirty (30) days after the final disposition of the appeal, unless this period is extended by the Court for good cause shown." E.D.N.Y. Local Civ. R. 54.1(a). "Any party failing to file a notice of taxation of costs within the applicable thirty (30) day period will be deemed to have waived costs." *Id.*

Tru-Art first requested to file a motion for costs on October 8, 2014—forty-nine days after we had issued our mandate. Although the district court allowed Tru-Art to file its motion, it did not extend the deadline for Tru-Art to file a notice of costs with the Clerk. Absent such an extension and because Tru-Art has not provided any reason for its failure to file this notice, much less shown good cause, Tru-Art has waived its claim for costs.[4]

---

[4] Tru-Art's argument that its motion for costs is timely pursuant to Rule 60(b) fails for the same reasons stated above with respect to Tru-Art's motion for prejudgment interest.

### III.    Postjudgment Interest

The district court did not address Tru-Art's claim for postjudgment interest, stating only that "Plaintiff's motion for prejudgment interest and costs is denied." J.A. 163. On appeal, Tru-Art argues that the district court abused its discretion in failing to state any reason why it denied postjudgment interest. Local 137 did not object to Tru-Art's request for postjudgment interest before the district court and does not now dispute Tru-Art's entitlement to postjudgment interest on appeal.

Pursuant to 28 U.S.C. § 1961, "[t]he award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996). "[Section 1961's] terms do not permit of the exercise of judicial discretion in its application." *Carte Blanche (Singapore) Pte., Ltd. v. Carte Blanche Int'l, Ltd.*, 888 F.2d 260, 269 (2d Cir. 1989) (citation omitted). Accordingly, we remand this case to the district court to calculate and award postjudgment interest.

**CONCLUSION**

For the reasons stated above, we **AFFIRM** the district court's denial of Tru-Art's motion for prejudgment interest and costs. We **VACATE** the district court's order to the extent that it denied postjudgment interest and **REMAND** the action for the district court to calculate and award such interest.