*Alessi Equip., Inc. v. Am. Piledriving Equip., Inc.*

# United States Court of Appeals
## For the Second Circuit

August Term 2023

Argued: November 7, 2023
Decided: November 21, 2025

No. 22-2317

---

ALESSI EQUIPMENT, INC.,

*Plaintiff-Counter-Defendant-Appellee,*

*v.*

AMERICAN PILEDRIVING EQUIPMENT, INC.,

*Defendant-Counter-Claimant-Appellant.*

---

Appeal from the United States District Court
for the Southern District of New York
No. 18-cv-3976, Judith C. McCarthy, *Magistrate Judge.*

---

Before:     WALKER, RAGGI, SULLIVAN, *Circuit Judges.*

American Piledriving Equipment, Inc. ("APE"), a manufacturer of construction equipment, appeals from the amended December 30, 2022 judgment of the United States District Court for the Southern District of New York (McCarthy, *M.J.*) awarding damages, including pre-judgment interest, to APE's distributor, Alessi Equipment, Inc. ("Alessi"), for breach of a distribution agreement executed by the parties in 2012 (the "2012 Distributor Agreement"). On January 6, 2022, the district court granted summary judgment against APE as to liability on Alessi's claim for breach of the 2012 Distributor Agreement, and in favor of APE as to liability and damages on its breach-of-contract counterclaim

against Alessi. A jury thereafter awarded Alessi $920,846.70 in damages arising from APE's breach. The district court later denied APE's motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b), or in the alternative, for a new trial or remittitur pursuant to Rule 59(a). The district court also awarded Alessi pre-judgment interest over APE's objection that Alessi's request for such interest was untimely under Federal Rule of Civil Procedure 59(e).

In a summary order filed today, we reject APE's challenges on appeal to the district court's grant of summary judgment as to liability on Alessi's breach-of-contract claim, as well as its denial of APE's post-trial motion under Rule 50(b) and Rule 59(a). Here, we address APE's argument that the district court erred in awarding Alessi prejudgment interest and conclude that Alessi's motion for that interest pursuant to Rule 59(e) was timely filed. Specifically, we hold that the purported judgment entered by the district court on June 23, 2022 was not sufficiently "final," and thus did not trigger the 28-day deadline for filing the Rule 59(e) motion, because it omitted any reference to APE's successful counterclaim or to the award of prejudgment interest to which each party was entitled, and did not satisfy the requirements for the entry of a judgment under Rule 58. We therefore **AFFIRM** the judgment of the district court as to its award of prejudgment interest to Alessi.

AFFIRMED.

> BRIAN D. WALLER, Peckar & Abramson, P.C., New York, NY, *for Defendant-Appellant.*
>
> KRISTOPHER M. DENNIS, The Law Office of Kristopher M. Dennis, New York, NY (Keith A. Lavallee, Lavallee Law Offices PLLC, Farmingdale, NY, *on the brief*), *for Plaintiff-Appellee.*

RICHARD J. SULLIVAN, *Circuit Judge*:

American Piledriving Equipment, Inc. ("APE"), a manufacturer of

construction equipment, appeals from the amended December 30, 2022 judgment

2

of the United States District Court for the Southern District of New York (McCarthy, *M.J.*) awarding damages, including pre-judgment interest, to APE's distributor, Alessi Equipment, Inc. ("Alessi"), for breach of a distribution agreement executed by the parties in 2012 (the "2012 Distributor Agreement").[1] On January 6, 2022, the district court granted summary judgment against APE as to liability on Alessi's claim for breach of the 2012 Distributor Agreement and in favor of APE as to liability and damages on its breach-of-contract counterclaim against Alessi. A jury thereafter awarded Alessi $920,846.70 in damages arising from APE's breach. The district court later denied APE's motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b), or in the alternative, for a new trial or remittitur pursuant to Rule 59(a). The district court also awarded Alessi pre-judgment interest over APE's objection that Alessi's request for such interest was untimely under Federal Rule of Civil Procedure 59(e).

In a summary order filed today, we reject APE's challenges on appeal to the district court's grant of summary judgment as to liability on Alessi's breach-of-contract claim, as well as its denial of APE's post-trial motion under Rule 50(b) and Rule 59(a). Here, we address APE's argument that the district court erred in

---

[1] Magistrate Judge McCarthy handled the case for all purposes with the consent of the parties pursuant to 28 U.S.C. § 636(c).

3

awarding Alessi prejudgment interest and conclude that Alessi's motion for that interest pursuant to Rule 59(e) was timely filed. Specifically, we hold that the purported judgment entered by the district court on June 23, 2022 was not sufficiently "final," and thus did not trigger the 28-day deadline for filing the Rule 59(e) motion, because it omitted any reference to APE's successful counterclaim or to the award of prejudgment interest to which each party was entitled, and did not satisfy the requirements for the entry of a judgment under Rule 58. We therefore **AFFIRM** the judgment of the district court as to its award of prejudgment interest to Alessi.

## I. BACKGROUND

Alessi commenced this action in May 2018, alleging, among other things, that APE breached the 2012 Distributor Agreement by selling equipment covered by that agreement directly to third parties. After Alessi filed an amended complaint on July 24, 2018, APE filed an answer and asserted counterclaims against Alessi on March 19, 2019, alleging breach of contract and unjust enrichment arising from Alessi's failure to remit payment to APE for amounts owed under a rental agreement entered into by the parties in January 2016 (the "Rental Agreement"), as well as for various purchases that Alessi made from APE

4

between November 2016 and December 2017 (the "Purchase Agreements"). As relief, APE requested damages equaling the amounts owed under those agreements – a total of $52,505.92 – as well as "[s]tatutory interest accruing on Alessi's indebtedness . . . from the date of its default through the present." Dist. Ct. Doc. No. 36 at 23.

After the completion of discovery, the parties consented to have the case heard by a magistrate judge, and then each moved for summary judgment. On January 6, 2022, the district court granted summary judgment as to liability on Alessi's contract claim for breach of the 2012 Distributor Agreement, but concluded that the issue of damages would have to be decided at trial. At the same time, the district court granted summary judgment to APE with respect to both liability and damages on its breach-of-contract counterclaim regarding Alessi's failure to remit payment under the Rental Agreement and Purchase Agreements. Finally, the court dismissed all remaining claims and counterclaims.

After a four-day trial held in June 2022, the jury returned a verdict awarding Alessi $920,846.70 in damages flowing from APE's breach of the 2012 Distributor Agreement. Shortly thereafter, on June 15, 2022, the district court recognized that "[b]efore the Clerk of Court can determine prejudgment interest, the Court must

determine the date from which prejudgment interest shall be computed."  Dist. Ct.

Doc. No. 175 (citing N.Y. C.P.L.R. § 5001(b)).  The district court therefore "directed

[the parties] to advise the [c]ourt of their positions" on that issue by June 22, 2022.

*Id.*  The parties timely complied with that order, submitting letters that offered

competing methods of calculating prejudgment interest.[2]

On June 23, 2022, the district court issued a document labeled a "Judgment"

and directed the Clerk of Court to close the case (the "June 23, 2022 Judgment").

That "judgment" indicated that Alessi was entitled to an award of $920,846.70 in

damages on its breach-of-contract claim but made no mention of the fact that APE

had prevailed on its breach-of-contract counterclaim for $52,505.92, or that either

party was entitled to pre-judgment interest.  In fact, the only indication that APE's

counterclaims had been resolved was contained in a footnote stating that the

district court had "decided all other remaining claims in its January 6, 2022"

summary judgment ruling.  Dist. Ct. Doc. 178 at 2 n.2.  The June 23, 2022 Judgment

also omitted any mention of either pre- or post-judgment interest with respect to

Alessi's damages award, even though Alessi had already applied for such an

---

[2] In its letter, APE indicated its intent to move for a new trial pursuant to Federal Rule of Civil Procedure 59 and asked that the district court "refrain from calculating prejudgment interest until after determination of" that motion.  Dist. Ct. Doc. No. 177 at 1.

award; the court's June 15, 2022 order recognized Alessi's statutory entitlement to prejudgment interest; and the parties had complied with the court's directive to file letters stating their positions as to the start date for calculating interest owed. Instead of ruling on the pending prejudgment interest issue, however, the district court, in a separate order entered on the same day, directed Alessi to file a motion under Rule 59(e) to amend the judgment to include prejudgment interest with its preferred computation.

Two weeks later, on July 7, 2022, at APE's request, the district court issued a separate "judgment" memorializing that APE had prevailed on its breach-of-contract counterclaim, for which it was entitled to damages in the amount of $52,505.92 (the "July 7, 2022 Judgment"). This "judgment" again made no mention of pre- or post-judgment interest on the counterclaim. Instead, as it had done with respect to the June 23, 2022 Judgment, the district court simultaneously entered an order directing APE to pursue prejudgment interest through a separate Rule 59(e) motion to amend the judgment.

On July 21, 2022, APE moved pursuant to Federal Rule of Civil Procedure 50(b) for judgment as a matter of law, or for a new trial or remittitur pursuant to Federal Rule of Civil Procedure 59(a) on the grounds that the jury's verdict was

excessive and unsupported by the evidence at trial. On July 31, 2022, Alessi submitted a motion and brief pursuant to Rule 59(e) in support of its request for prejudgment interest on its damages award. Three days later, APE submitted its own motion for prejudgment interest on its lesser award for counterclaim damages. APE also opposed Alessi's motion for prejudgment interest, contending that such a motion was untimely because it was filed more than twenty-eight days after entry of the June 23, 2022 Judgment, as required by Fed. R. Civ. P. 59(e).

The district court ultimately denied APE's motion for judgment as a matter of law and for a new trial. Later, on December 30, 2022, the district court entered a single, comprehensive "amended judgment" that set out both Alessi's and APE's respective damages awards and calculated prejudgment interest amounts for each party (the "December 30, 2022 Amended Judgment"). This timely appeal followed.

## II. DISCUSSION

APE argues that the district court erred by granting Alessi's motion under Rule 59(e) to amend the judgment to include prejudgment interest. A motion pursuant to Rule 59(e) "must be filed no later than 28 days after the entry of the judgment," Fed. R. Civ. P. 59(e), and a court may not grant an extension to file such

8

a motion, Fed. R. Civ. P. 6(b)(2). APE maintains that Alessi's July 31, 2022 motion was untimely because it was not filed within twenty-eight days of June 23, 2022, when the district court entered "judgment" with respect to Alessi's breach-of-contract claims. That "judgment," in APE's view, constituted the final judgment in this matter, thereby starting the clock on Alessi's ability to move under Rule 59(e). Alessi, in response, asserts that its motion was timely filed after the district court's subsequent entry of "judgment" on APE's breach-of-contract counterclaims on July 7, 2022.

At the outset, we note two uncontroversial aspects of the parties' dispute here. *First*, neither party contests that, save for the question of timeliness, Alessi was entitled to some measure of prejudgment interest on its damages award. Under New York law, "pre[]judgment interest is recoverable as a matter of right in an action at law for breach of contract." *Lee v. Joseph E. Seagram & Sons, Inc.*, 592 F.2d 39, 41 (2d Cir. 1979) (citing N.Y. C.P.L.R. §§ 5001(a), 5002). Prejudgment interest consists of both "pre-decision interest," which applies from the time that a plaintiff's cause of action accrues to the time a verdict or decision is rendered under section 5001(a); and "post-decision interest," which applies "from the date of the verdict . . . to the date of entry of final judgment" under section 5002.

9

*Paddington Partners v. Bouchard*, 34 F.3d 1132, 1139 (2d Cir. 1994). *Second*, both the

Supreme Court and this Circuit have recognized that a Rule 59(e) motion to amend

the judgment is an appropriate vehicle for a party to request the prejudgment

interest to which it may be entitled. *See, e.g.*, *Osterneck v. Ernst & Whinney*, 489 U.S.

169, 177 & n.3 (1989); *Lee*, 592 F.2d at 42–44; *Goodman v. Heublein, Inc.*, 682 F.2d 44,

45 (2d Cir. 1982).[3]

The only question, then, is whether Alessi's July 31, 2022 motion for interest

was timely, which in turn depends on when the twenty-eight-day clock under

Rule 59(e) began to run. Although the parties devote little space in their briefs to

this issue, their dispute touches on procedurally complex, and often interrelated,

questions regarding the meaning of "judgment," "finality," and the "entry" of

judgment as those terms are used in relation to post-judgment motions. We

---

[3] In *Osterneck*, the Supreme Court held that "a postjudgment motion for *discretionary* prejudgment interest constitutes a motion to alter or amend the judgment under [Rule] 59(e)." 489 U.S. at 175 (emphasis added). But the *Osterneck* Court added in a footnote, "We do not believe the result should be different where prejudgment interest is available as a matter of right," *i.e.*, mandatory. *Id.* at 176 n.3. We have not yet expressly passed on the import of *Osterneck* as it relates to the question of mandatory prejudgment interest, and Alessi does not contest that Rule 59(e) motions can support post-judgment requests for interest. But every circuit to have considered the issue has concluded that the Supreme Court's holding applies to both discretionary and mandatory prejudgment interest alike. *See Winslow v. FERC*, 587 F.3d 1133, 1135–36 (D.C. Cir. 2009); *Crowe v. Bolduc*, 365 F.3d 86, 92 (1st Cir. 2004); *Kosnoski v. Howley*, 33 F.3d 376, 378 (4th Cir. 1994); *Pogor v. Makita U.S.A., Inc.*, 135 F.3d 384, 387 (6th Cir. 1998); *McCalla v. Royal MacCabees Life Ins. Co.*, 369 F.3d 1128, 1132 (9th Cir. 2004); *McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989).

endeavor to untangle these concepts below and ultimately agree with Alessi that its motion for prejudgment interest was timely.

**A.      Judgment, Finality, and Entry of Judgment**

*Judgment*:  We begin with the term "judgment," which Rule 54 defines as "any order from which an appeal lies."  Fed. R. Civ. P. 54(a).  Rule 54(b) goes on to explain what happens when a court adjudicates fewer than all claims in "an action [that] presents more than one claim for relief" or "multiple parties are involved."  Fed. R. Civ. P. 54(b).  In those actions, like the case between Alessi and APE here,

> the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).  In short, adjudication of "fewer than all" the claims at issue in a case is simply not a "judgment" unless the district court makes an express determination that there is no just reason for delay.  *Id.*

*Finality*:  A "final" decision is one "that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  *Bey v. City of New*

11

*York*, 999 F.3d 157, 163 (2d Cir. 2021) (internal quotation marks omitted); *Citizens Accord, Inc. v. Town of Rochester*, 235 F.3d 126, 128 (2d Cir. 2000) ("A 'final' judgment or order is one that conclusively determines the pending claims of all the parties to the litigation."). In most instances, the question of finality is relatively straightforward, and neither the parties nor the courts (district or appellate) have any trouble determining that the litigation is over. But on those occasions when it is not, "we eschew formalism in favor of a pragmatic approach" and "look to whether, following the district court's decision, further proceedings are contemplated or required." *Bey*, 999 F.3d at 163 (internal quotation marks omitted); *see also Fiataruolo v. United States*, 8 F.3d 930, 937 (2d Cir. 1993) ("What essentially is required is some clear and unequivocal manifestation by the trial court of its belief that the decision made, so far as it is concerned, is the end of the case."). To be sure, "a district court's intent, standing alone, is not sufficient to confer finality upon *every* decision," but instead "is relevant . . . only when the court's rulings reveal that the action *could be final* and it therefore matters whether the trial judge contemplated further proceedings." *Mead v. Reliastar Life Ins. Co.*, 768 F.3d 102, 109 (2d Cir. 2014) (alterations accepted and internal quotation marks omitted).

Generally speaking, a judgment is not final if it has not determined the amounts the parties must pay, *see Cinerama, Inc. v. Sweet Music, S.A.*, 482 F.2d 66 (2d Cir. 1973), except in cases that require no more than a "simple arithmetic calculation" or "some other mechanical task," *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 99 F.3d 538, 541 (2d Cir. 1996). Notably, and as particularly relevant here, we have held that a judgment is not final when "the court has determined part of the damages, [such as] the principal, but has reserved, as raising fact issues, the amount of prejudgment interest," since calculation of interest is not considered a "purely ministerial act." *See Cinerama*, 482 F.2d at 69–70 (treating undetermined claim for prejudgment interest as separable from claim for principal would violate final judgment rule).[4] This makes sense, since "prejudgment interest traditionally has been considered part of the compensation due plaintiff." *Osterneck*, 489 U.S. at 175. Moreover, the calculation of prejudgment interest generally "implicates the merits of the district court's judgment" because questions of "[whether] and how much prejudgment interest should be granted" are often "intertwined in a

---

[4] Our sister Circuits have likewise concluded that "[a] judgment that awards a principal sum but reserves the matter of interest on that amount is not final." *Wheeler Mach. Co. v. Mountain States Min. Enters., Inc.*, 696 F.2d 787, 789–90 (10th Cir. 1983) (citing *Cinerama, Inc.*, 482 F.2d at 69); *see also, e.g., Dieser v. Cont'l Cas. Co.*, 440 F.3d 920, 923–24 (8th Cir. 2006) (same); *Calderon v. GEICO Gen. Ins. Co.*, 754 F.3d 201, 204–07 (4th Cir. 2014) (same); *Student Loan Mktg. Ass'n v. Lipman*, 45 F.3d 173, 175 (7th Cir. 1995) (same).

significant way with the merits of the plaintiff's primary case as well as the extent of his damages." *Id*. at 175–77 & n.3.

*Entry and Rendition of a Judgment*:  Finally, Rule 58 governs when and how a judgment is entered, and what form it must take.  Under Rule 58(c)(2), "judgment is entered . . . when the judgment is entered in the civil docket under Rule 79(a) and the earlier of these events occurs:  (A) it is set out in a separate document; or (B) 150 days have run from the entry in the civil docket."  Fed. R. Civ. P. 58(c).  Rule 79(a) provides that judgments "must be marked with the file number and entered chronologically in the [civil] docket," and "must briefly show . . . the substance and date of entry of each . . . judgment."  Fed. R. Civ. P. 79(a)(2), (3).  Subject to a few exceptions not relevant here, "[e]very judgment and amended judgment must be set out in a separate document."  Fed. R. Civ. P. 58(a); *Zaretsky v. William Goldberg Diamond Corp.*, 820 F.3d 513, 519 (2d Cir. 2016) (requiring the district court set forth its judgment in a separate document).

Rule 58(a)'s "separate document" rule was designed to eliminate the "considerable uncertainty over what actions of the District Court would constitute an entry of judgment, and occasional grief to litigants as a result of this uncertainty."  *United States v. Indrelunas*, 411 U.S. 216, 220 (1973) , abrogated on

other grounds by *Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 387 (1978); *see, e.g.*, *Axel Johnson Inc. v. Arthur Andersen & Co.*, 6 F.3d 78, 84 (2d Cir. 1993). Of course, uncertainty as to what constitutes a judgment, and when it is entered, risks confusing the parties' timing for what actions may follow. For starters, the entry of judgment starts the clock on a party's time to appeal. Fed. R. App. P. 4(a)(1)(A) (requiring notice of appeal to be filed "within 30 days after entry of the judgment . . . appealed from"); *see, e.g.*, *Cooper v. Town of East Hampton*, 83 F.3d 31, 33 (2d Cir. 1996). Indeed, this was the primary purpose of Rule 58's separate-document rule: "to clarify when the time for appeal . . . begins to run." *Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 384 (1978). But in addition to governing the timing of a party's appeal, and as particularly relevant here, the entry of judgment also determines the time for the filing of post-judgment motions. *E.g.*, Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); *Casey v. Long Island R.R. Co.*, 406 F.3d 142, 147 (2d Cir. 2005) ("[The] period for filing the new-trial motion is expressly triggered by the entry of judgment.").

With this goal of clarity in mind, we have explained "that the document granting judgment [must] be separate from any judicial memorandum or

15

opinion," per Rule 58(a)'s "separate document" rule. *Axel Johnson Inc.*, 6 F.3d at 84. Thus, "an order that is part of a district court opinion or memorandum" – for example, a decision granting summary judgment in favor of plaintiffs in a "14–page opinion that state[s] 'So Ordered' at the end" – does not satisfy Rule 58's requirement. *RR Vill. Ass'n v. Denver Sewer Corp.*, 826 F.2d 1197, 1201 (2d Cir. 1987). And to promote even greater clarity, we have held that the "separate document must be labeled a 'judgment.'" *Axel Johnson Inc.*, 6 F.3d at 84; *see Kanematsu-Gosho, Ltd. v. M/T Messiniaki Aigli*, 805 F.2d 47, 49 (2d Cir. 1986) ("One clear way to [ensure parties' have clear notice] is to call a judgment a judgment.").

This precedent, however, gets us no closer to resolving the dispute in this case, where we have two separate documents – one docketed on June 23, 2022, the other on July 7, 2022 – that are each clearly labeled "judgment." As then-Judge Sotomayor observed, "not every piece of paper labeled a 'judgment' satisfies Rule 58." *Dudley ex rel. Est. of Patton v. Penn-Am. Ins. Co.*, 313 F.3d 662, 670 (2d Cir. 2002) (Sotomayor, J., concurring). Nevertheless, we have said little else about what a "judgment" must contain or look like.

Our primary authority on this question appears to be *Ellender v. Schweiker*, in which we suggested that "the final judgment in a case" need not "be

comprehensive" under Rule 58. 781 F.2d 314, 317–18 (2d Cir. 1986). In that case, the Court dismissed as untimely the appeal of a judgment that memorialized the district court's award of monetary relief and attorneys' fees to the plaintiffs, but omitted mention of the permanent injunctive relief that the district court had granted earlier in the litigation. *Id.* at 318–19. We held that the January 4, 1985 judgment at issue satisfied Rule 58 and Rule 79(a) because it was set out in a separate document and labeled "Judgment," and "its contents were summarized in the clerk's docket for the case"; we then focused on whether the judgment "was final within the meaning of 28 U.S.C. § 1291." *Id.* at 317. In concluding that it was, we rejected the appellees' argument that the district court's failure to specify the award of permanent injunctive relief rendered the January 4, 1985 judgment non-final: "While we would normally expect that the final judgment in an action would at least mention the permanent relief granted by the court, . . . we find no requirement in the Federal Rules of Civil Procedure that the document that constitutes the final judgment in a case be comprehensive." *Id.* at 318. Instead, we noted that "[t]he dispositive fact in the present case is that the record reveals that the district court 'intended the [J]udgment to represent the final decision in the case.'" *Id.* (quoting *Bankers Tr. Co.*, 435 U.S. at 385 n.6).

17

By contrast, numerous other circuits have been more explicit in requiring that a judgment "be self-sufficient, complete, and describe the parties and the relief to which the party is entitled." *Villoldo v. Castro Ruz*, 821 F.3d 196, 204 (1st Cir. 2016) (internal quotation marks omitted); *see, e.g.*, *Loc. Union No. 1992 of Int'l Bhd. of Elec. Workers v. Okonite Co.*, 358 F.3d 278, 284 (3d Cir. 2004) (requiring that a judgment "be a self-contained document, saying who has won and what relief has been awarded, but omitting the reasons for this disposition" (internal quotation marks omitted)); *Am. Interinsurance Exch. v. Occidental Fire & Cas. Co. of N.C.*, 835 F.2d 157, 159 (7th Cir. 1987) ("Under Fed. R. Civ. P. 58 the judgment must be self-contained and complete. . . . It must describe the relief to which the prevailing party is entitled and not simply record that a motion has been granted." (citation omitted)); *Manookian v. Flippin*, No. 20-5979, 2021 WL 688841, at *2 (6th Cir. Jan. 5, 2021) (unpublished order) (applying the test set forth in *Loc. Union No. 1992 of Int'l Bhd. of Elec. Workers*). These minimum requirements likewise advance the "purpose of the separate judgment" rule: "to let the parties (and the appellate court) know exactly what has been decided and when." *Brown v. Fifth Third Bank*, 730 F.3d 698, 699–700 (7th Cir. 2013) (internal quotation marks omitted).

We conclude with one final note on the separate document rule and issues

of timing.  Notwithstanding Rule 58(a)'s clear mandate, "the simple separate document requirement" was historically "ignored in many cases," with the result that the time for making post-judgment motions and for filing an appeal "never beg[an] to run."  Fed. R. Civ. P. 58(a) advisory committee's note to 2002 amendment.  To account for this unfortunate eventuality, Rule 58 was amended in 2002 to provide that where a separate document is required, but no separate document has been issued, the judgment is deemed entered 150 days after the order or decision giving rise to the judgment is entered in the docket.  Fed. R. Civ. P. 58(c)(2); *see Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 363 n.3 (2d Cir. 2003).[5]

As the foregoing discussion demonstrates, the concept of finality is technically distinct from Rule 54's definition of a judgment and Rule 58's requirements regarding the entry and rendition of a judgment – although the concepts frequently overlap, and courts do not always take care to differentiate between them.  *See, e.g.*, *Ellender*, 781 F.2d at 317–18 (addressing the question of finality distinct from Rule 58's separate document requirement); *see also Murphy v.*

---

[5] Even before Rule 58's 2002 amendments, courts recognized that "parties to an appeal may waive the separate-judgment requirement of Rule 58," such that a party cannot argue that an appeal was prematurely taken.  *Bankers Tr. Co.*, 435 U.S. at 387; *see Selletti v. Carey*, 173 F.3d 104, 109–10 (2d Cir. 1999) ("Where an order appealed from clearly represents a final decision and the appellees do not object to the taking of an appeal, the separate document rule is deemed to have been waived and the assumption of appellate jurisdiction is proper.").

*Schaible*, 108 F.4th 1257, 1272 (10th Cir. 2024) (distinguishing between "substantive" and "technical" finality). For example, a "judgment can be a judgment without being final," *Kanematsu-Gosho, Ltd.*, 805 F.2d at 49, meaning that it may not completely resolve the merits of a case, because Rule 54(a) defines judgment to include "any order from which an appeal lies," Fed. R. Civ. P. 54(a), including interlocutory orders made appealable by statute, *see McCowan v. Sears, Roebuck & Co.*, 908 F.2d 1099, 1103 (2d Cir. 1990). Or a separate document bearing the label of "judgment" might comply with Rule 58, but fail to completely resolve a case, because some claim or question bearing on a party's right or liability – *e.g.*, prejudgment interest – remains unresolved. Conversely, a decision might be "final" in that it completely resolves the merits of the case but not become a "judgment" for purposes of time to file an appeal or post-judgment motions until it is properly rendered in a separate document, or until 150 days have elapsed since the decision's entry on the civil docket.

## B.  Application

Returning to the parties' dispute, we reject APE's argument that the June 23, 2022 Judgment was the operative judgment that started the clock for the filing of post-judgment motions. We adopt the definition of "judgment," as used by the

First Circuit in *Villoldo*, to this case. 821 F.3d at 204 (requiring that a judgment "be self-sufficient, complete, and describe the parties and the relief to which the party is entitled.").

**1. The June 23, 2022 Judgment Was Not Sufficiently Final.**

We do not think that the June 23, 2022 Judgment was sufficiently final to trigger the time for the parties to appeal or file post-judgment Rule 59(e) motions. It is true that in setting forth the June 23, 2022 Judgment, the district court directed the Clerk of Court to close the case, which might suggest that it contemplated no further proceedings. But as we have recognized, "finality ultimately turns on the substance of the district court's order," not a "district court's assertion of finality." *Mead*, 768 F.3d at 111 (internal quotation marks omitted). Several aspects of the June 23, 2022 Judgment support our conclusion that it was not final.

Most importantly, the June 23, 2022 Judgment only mentions the compensatory damages granted to Alessi on its breach-of-contract claim, omitting any reference whatsoever to prejudgment interest despite the fact that the district court had already acknowledged the need to calculate that interest, ordered briefing on the issue, and received written submissions from both parties. As we have explained, prejudgment interest is "part of the compensation due plaintiff,"

21

*Osterneck*, 489 U.S. at 175, and therefore must generally be determined and set forth in the judgment in order for the judgment to be final, *see Cinerama*, 482 F.2d at 69–70. At the time of the June 23, 2022 Judgment, the district court had not adjudicated Alessi's request for an award of prejudgment interest, even though it had the parties' written submission on that issue before it. The question of Alessi's entitlement to prejudgment interest was not resolved by the June 23, 2022 Judgment – and therefore, that judgment was not final and appealable.

It bears noting that this is not a case where the issue of prejudgment interest was raised for the first time after the entry of a final judgment. *See Tru-Art Sign Co., Inc., v. Loc. 137 Sheet Metal Worker's Int'l Ass'n*, 852 F.3d 217, 220 (2d Cir. 2017).[6] To the contrary, the district court was well aware of its obligation to calculate prejudgment interest but declined to do so, effectively placing the onus on Alessi to re-request, through a motion to amend the judgment, an interest award that it had already sought.

---

[6] This case is also factually distinguishable from *Osterneck*, in which – immediately after the jury verdict was announced – the district court declined to hear argument on petitioner's motion for *discretionary* prejudgment interest, issued a judgment, and directed the parties to submit their motions for such interest within 10 days. Here, the court was statutorily obligated to calculate interest and was aware of that obligation at the time of the June 23, 2022 Judgment. Moreover, the district court in *Osterneck* expressly determined that "[t]he judgment will be entered on this particular verdict as soon as possible," which arguably satisfied the "no just reason for delay" exception of Rule 54(b). *Id.* The same cannot be said here.

Contrary to APE's assertion, it is clear from the June 23, 2022 Judgment that the district court had not "adjudicate[d] the rights and liabilities" of "all the parties to the litigation." *Citizens Accord, Inc.*, 235 F.3d at 128 (internal quotation marks omitted). Specifically, while the district court there indicated in a footnote that it had "decided all other remaining claims in its January 6, 2022" order, Dist. Ct. Doc. 178 at 2 n.2, neither that footnote nor the January 6, 2022 summary judgment order addressed, let alone resolved, the issue of APE's "interest" and "[s]tatutory interest" on its damages award, as APE had originally requested as relief on its counterclaim, *see* Dist. Ct. Doc. No. 36 at 23. In fact, the district court acknowledged that the issue of APE's prejudgment interest remained outstanding months later when it entered an order – at the same time as the July 7, 2022 Judgment – directing APE to brief the issue through yet another Rule 59(e) motion.

The December 30, 2022 Amended Judgment was sufficiently final, because it resolved all issues of liability, principal damages, and compulsory prejudgment interest in one comprehensive document. As the district court resolved all the necessary issues it needed to in this judgment, it was sufficiently final to trigger the time for the parties to appeal or file post-judgment Rule 59(e) motions.

**2. The June 23, 2022 Judgment Does Not Satisfy Rule 58.**

Even if the June 23, 2022 Judgment were substantively final within the meaning of section 1291, we cannot say that it satisfies Rule 58's requirements for the entry and rendition of a judgment. While a judgment perhaps need not be "comprehensive," *Ellender*, 781 F.2d at 318, the June 23, 2022 Judgment's omissions render it so incomplete and so lacking finality, as to undermine the purpose behind Rule 58's separate document rule altogether. Most glaringly, that judgment explains "who ha[d] won and what relief ha[d] been awarded" with respect to Alessi's claims, but made no mention of "who ha[d] won and what relief ha[d] been awarded" with respect to APE's counterclaims. *Loc. Union No. 1992*, 358 F.3d at 284. Indeed, the only suggestion that the court *might* have awarded APE any relief is the passing reference to the fact that APE asserted counterclaims against Alessi and a footnoted indication that "[t]he Court decided all other remaining claims in its January 6, 2022 Opinion and Order." Dist. Ct. Doc. at 2 n.2.[7]

---

[7] *Ellender* is inapposite. There, the court concluded that there was ""nothing left for the [district] court to do," 781 F.2d at 316–17 (observing that district court "had disposed of the main claims in the case; . . . resolved all issues as to fees; . . . discontinued all of the remaining claims," and "annexed" all relevant opinions and set forth amounts that plaintiff would recover, including attorneys' fees). Here, by contrast, there were still unresolved issues pending before the district court at the time the June 23, 2022 Judgment in this case was entered: as of June 23, 2022, the

Far from being "self-sufficient" and "complete," *Villoldo*, 821 F.3d at 204, the June 23, 2022 Judgment requires a reader to refer to the January 6, 2022 Order to determine what other relief, if any, APE (or Alessi, for that matter) is entitled to. Even then, the decretal language of that January 6, 2022 Order – as also reflected on the docket – specifies only that Alessi must pay APE the "amounts reflected in the outstanding invoices, Purchase Orders and Rental Agreement." Dist. Ct. Doc. No. 114 at 56. In fact, to arrive at APE's actual damages award only later identified in the July 7, 2022 Judgment, one must comb through the January 6, 2022 Order to discover that: (1) "[a]ccording to APE, the total amount due . . . is $52,505.92," *id.* at 13, and (2) Alessi "admi[ts] that the amounts under the invoices are accurate and otherwise past due," *id.* at 54. Therefore, the June 23, 2022 Judgment falls well short of "let[ting] the parties (and the appellate court) know exactly what has been decided and when." *Brown*, 730 F.3d at 700; *see also* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2785 (3d ed. 2024) ("[T]he required separate judgment should be self-sufficient and should not merely incorporate other documents by reference.").

---

district court had not resolved APE's counterclaim for breach of contract or determined whether either party was entitled to pre-judgment interest.

APE argues that the "judgment" with respect to the district court's January 6, 2022 Order awarding damages on its counterclaims "became final 150 days later on June 5, 2022" under Rule 58(c), since that judgment was not set out on a separate document.  APE Br. at 46.  As a result, APE asserts, "by the time the June 23, 2022 judgment was entered nothing else was required in order for the judgment to be final and the time to amend the judgment to begin to run."  *Id.*  But that argument runs afoul of Rule 54's plain text in two separate ways.  *First*, the January 6, 2022 Order, at the time it was entered, did not constitute a "judgment" for the simple reason that it was not an "order from which an appeal" could be taken.  Fed. R. Civ. P. 54(a).  *Second*, because the January 6, 2022 Order "adjudicate[d] fewer than all the claims or the rights and liabilities of fewer than all the parties," it could not have been final:  the district court could have "revised" that order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  We therefore reject APE's contention that the January 6, 2022 Order as to APE's counterclaims somehow became a judgment by operation of Rule 58(c)(2)(B), or otherwise became final as a partial standalone "judgment."

26

For these reasons, we conclude that Rule 58's separate-document requirement – the primary purpose of which is to provide the parties with clear notice as to when their time to appeal and to file any post-judgment motions begins to run – demands substantially more than what the June 23, 2022 Judgment provided for here. Thus, consistent with the case law in other circuits, and in furtherance of the Rule 58's purpose, we hold as follows with respect to final judgments entered in a multi-party action or any action involving claims and counterclaims: The separate-document rule requires a judgment to describe the parties and the relief (monetary or otherwise) to which each and every party is entitled, and relatedly, must be self-contained and complete, such that it can stand alone without reference to any other document. *See, e.g.*, *Villoldo*, 821 F.3d at 204; *Loc. Union No. 1992 of Int'l Bhd. of Elec. Workers*, 358 F.3d at 284; *Am. Interinsurance Exch.*, 835 F.2d at 159. A final judgment entered on a single, separate document consistent with those requirements not only tracks the meaning of "judgment" as it is defined in Rule 54, but also best promotes Rule 58 by providing clarity to the parties (and the appellate court) as to the deadlines for appealing and filing post-judgment motions – and avoiding the confusion engendered in this case, in which

there are multiple documents designated as a "judgment" and disagreement as to which one controls.

Of all the documents labelled as "judgments" in the record, the December 30, 2022 Amended Judgement is the only one that satisfies all the requirements to be a final judgment. There, in a standalone and separate document, the district court resolved all issues of liability, principal damages, and prejudgment interest. Accordingly, that is the judgment in this case from which to calculate time to appeal or to file a post-judgment Rule 59(e) motion.

Even if we were to accept APE's arguments, July 7, 2022 would still be the earliest possible date on which a final judgment could have been issued in this case. At that time, the district court had definitively, albeit separately, on two different documents, decreed its award of damages as to both Alessi and APE, thereby "adjudicat[ing]" – even if procedurally erroneously – "the rights and liabilities" of "all the parties to the litigation." *Citizens Accord, Inc*., 235 F.3d at 128. And because Alessi filed its Rule 59(e) motion within 28 days of the entry of the July 7, 2022 Judgment, we therefore conclude that that motion was timely filed.

### III. CONCLUSION

In sum, we:

28

- Hold that a final judgment entered in a multi-party action or any action involving claims and counterclaims must describe the parties and the relief to which each and every party is entitled, and must also be self-contained and complete, such that it can stand alone without reference to any other document.

- Conclude that the June 23, 2022 Judgment here was not substantively final because it omitted any reference to prejudgment interest, notwithstanding the fact that the district court had acknowledged the need to calculate that interest and had already ordered and received submissions from both parties addressing that issue.  Instead, the July 7, 2022 Judgment is the earliest time from which a final judgment was arguably entered, and Alessi's Rule 59(e) motion was timely filed within 28 days from that date.

Accordingly, for the reasons set forth above and in our separately issued summary order, we **AFFIRM** the amended judgment of the district court.